‘Chief Justice Robertson
delivered the Opinion of the Court'’
Read, by written contract, leased to Dennison a saw anc[ grist mill, for the term of four years and four months, for a consideration payable in instalments, reserving to himself the right to sell the mills during the term, and give to the purchaser the possession, upon giving Dennison sufficient notice to -enable him to fulfil any engagements which he might, in the meantime, have made for sawing or grinding, and upon paying Dennison for repairs ; and Dennison, on his part, covenanted to deliver to Read the possession at any time on demand, in the event of his failing to make payment, or to perform any other covenant which he made. Not much more than a year after the date of the lease, Read entered and took possession of the mills, without Dennison’s consent; and .thereupon Dennison brought an action of covenant against him, to recover damages for divesting him of the possession without notice, and without paying him for repairs, and alleging that Read had sold the mills.
Read filed several pleas; and the Circuit Court having overruled demurrers to the first and second pleas, and Dennison having failed to reply to either of them, judgment was entered in bar of the action; and it now becomes necessary to decide on the sufficiency of those pleas.
The first plea is evidently insufficient. It alleges only that Dennison had not, in a reasonable time, done the repairs which he had covenanted to make; and to the sufficiency .of such matter there are two objections:— first — no time was stipulated for making the repairs, and, as they were indispensable to the profitable use of the mills, we would be inclined to the opinion that Dennison had a right to select his own time for making them, so *587 that they should be made during the term; second — even if Dennison had been guilty of a breach of his covenant respecting the reparations,- his lease was not thereby terminated, and Read had no right of entry for a forfeiture, but should have relied on the covenant to surrender the possession. That covenant should not be construed into an elective limitation of the lease, and. would not have enabled Read to maintain an action of. ejectment for restitution of his possession;- his only remedy was an action on the covenant, unless Dennison- had voluntarily yielded the possession. Then, according to this view of the case, Read’s entry should'be deemed to have been tortious, unless he had entered^ in: consequence of his sale of the mills; and if he did so, he-is certainly liable to Dennison for damages for failing to>give him the stipulated notice, and also for failing to account with him, according to the covenant, for the repairs-which had.been made by him. Consequently, the first plea could, not bar the action; and therefore the Circuit Judge erred in overruling the demurrer to it.
The second plea is liable to the second objection- to¡ the first plea: for if,as we have suggested, Read had no right to enter for a breach of covenant by Dennison; but was entitled only to damages for his refusing to surrender the possession, according to his undertaking, on the stipulated contingency — of course, the fact that he had failed in a payment (the only fact pleaded,) could be no bar to his action for damages for Read’s failure to give him reasonable notice, and to pay him something for his repairs —to which the covenant entitled him in the event of an eviction by Read, in consequence of a sale-of the mills; which alone could have given him a- right' of entry, and on the condition of prior notice and payment for repairs, agreeably to the stipulations of the covenant-
Wherefore-, we are of the opinion-, that the Circuit Judge also erred in overruling the demurrer to-the second plea.
And therefore, it is considered by the Court, that the-judgment be reversed, and: the cause remanded for a re-pleader.