George ANDREWS, J.,
delivered the opinion of the Court.
This action was comménced under our statute of unlawful detainer, by G. M. D. Cantrell and others, the present defendants in error, against James Sloan, to recover the possession of a lot of land in the City of Nashville. The case was brought by appeal from the three Justices before whom it was commenced, to the Circuit Court for Davidson County, where a trial was had, and a verdict and judgment rendered in favor of the plaintiffs below, for the recovery of the premises and for the sum of thirty-five hundred dollars, “balance of rent.”
It appears from the bill of exceptions, that on the 19th day of December, 1868, an indenture of lease was executed by the parties, by which George M. D. Cantrell, with Clara, his wife, and the said George M. D. Cantrell as the guardian of Elizabeth N. Walker, a nonrcompos, leased the lot in question to Sloan for the term of five years, from and after the first day of January, 1864, at a stipulated rent per annum, payable quarterly; to secure which rent, Sloan executed and delivered at the time of the execution of the lease, his twenty promissory notes, payable as the installments of *573 rent fell due; and a right of re-entry was reserved, in case of failure to pay the rent.
The written lease, after the clauses by which the premises were demised for the term of five years, as above mentioned, contained the following stipulations: “It is further agreed between the aforesaid parties, that, if the said parties of the first part, shall, at any time within the first three years of the duration of the lease aforesaid, desire to sell the said premises, upon notice of such desire being given by said Cantrell to said Sloan, the said Sloan shall, within one year from the date of said notice, vacate said premises and surrender up the unexpired balance of said lease, for which he shall receive the consideration of twenty-five hundred dollars; and if such notice of desire to sell said premises, shall by said Cantrell at any time within the fourth year of said lease, be given to said Sloan, then, in that case, said Sloan shall, within one year from the date of said notice, vacate said premises and surrender up the unexpired balance of said lease, and for this he shall receive the consideration of one thousand dollars.”
Sloan entered into possession under this lease, and retained possession until the commencement of this action.
On the 7th day of April, 1864, Cantrell caused to be served upon Sloan, the following written notice: “To Mr. James Sloan: — Whereas, on the 19th December, 1863, George M. D. Cantrell and wife, in their own right, and the said George M. D. Cantrell as guardian of Elizabeth N. Walker, leased to you for the term of five years, commencing on the 1st January, *574 1864, tbe bouse and lot now occupied by you, (describing it;) and whereas, it was understood and agreed between the parties that I could put an end to the said lease at any time within the three first years, upon giving notice', and that you would vacate said premises and surrender up the unexpired balance of said lease within one year from the date of such notice; and whereas, we, the parties of the first part, desire the said premises to be given up by you, upon the happening of which, we will pay the price we agreed in said lease to pay; you are now, therefore, hereby notified and required to vacate said premises and surrender up the remainder of the said lease within one year from this day.
“G. M. D. CANTRELL,
“Clara Cantrell,
“G-. M. D. Cantrell,
“Guardian of Eliza N. Walker.”
“April 7, 1864. ’
The twenty-five hundred dollars, stipulated in the lease as the consideration for the surrender of the remainder of the term by Sloan, was not paid or tendered to him before the bringing of this action, which was commenced on the 8th day of May, 1865.
The Circuit Judge gave the following instruction to the jury: “Did the plaintiffs desire to sell? If so, did Cantrell notify the defendant of this fact one year before the commencement of this suit? If, after this notice, if so given, defendant held over after the expiration of one year from legal service of such notice, he was guilty, under our statute, of unlawful detainer.”
*575 We think this instruction erroneous, for the reason that it was based upon the hypothesis that such notice had been given to Sloan of the desire of the plaintiffs to terminate the tenancy, as was provided ,f°r in the written lease; while there was, in fact, no evidence in the case from which the jury could have found that such notice had been given. The only notice proved or claimed to have been given, was that quoted above; and we think the instruction given upon this point, had a direct tendency to mislead the jury as to the construction and effect of the notice given: Hill vs. Childress, 10 Yerg., 514; Croft vs. State, 6 Hum., 317. The lessee was to vacate the premises before the expiration of his term, only upon the contingency that the lessors should “desire to sell the said premises,” and “upon notice of such desire being given .by said Cantrell to said Sloan.” A desire on the part of the plaintiffs to regain possession for any other purpose than that of selling the premises, would not authorize the giving of the notice; and by the express terms of the stipulation, the defendant was entitled to notice of the fact that the plaintiffs desired to sell. The notice in this case does not state or imply that the lessors desired to sell the premises. If a notice had been given, stating that the lessors desired to obtain possession for the purpose of leasing the premises to another party, it certainly would not have imposed any obligation on the lessee to surrender his term; and the notice in this case, stating no desire to sell, or any other reason for demanding possession, can have no greater effect.
*576 The notice proved in this case, was, therefore, insufficient to determine the tenancy, or to impose any obligations to quit upon the lessee. The charge of the Court in this respect is based upon no evidence in the record, and as the giving of a proper and sufficient notice, was an absolute pre-requisite to the plaintiff’s right of action, the verdict of the jury is totally unsupported by evidence, and should have been set aside.
But it is further insisted by counsel for the plaintiff in error, that, upon a proper construction of the written lease in this case, no notice which could have been given by the lessors, would have had the effect to put an end to the tenancy, or to enable them to maintain this action; that the stipulation in the lease, that, upon the receipt of a certain notice, the lessee should vacate the premises and surrender the unexpired balance of the lease, must be regarded, not as a condition operating' upon a certain contingency to divest the estate, but as a covenant merely, on the part of the lessee, for breach of which the lessors must resort to their action for damages, or seek their remedy in equity.
In that part of the written lease preceding the clause now under discussion, a right of re-entry is expressly reserved as a remedy for the non-payment of rents; but no right of re-entry is given in connection with the stipulation now under discussion. It is simply provided, that, upon notice being given, the ■ said Sloan shall, within one year from the date of said notice, vacate said premises and surrender up the un *577 expired balance of tbe lease. There is here no reservation of the right of re-entry; no provision that upon the happening of the contingency, the lease shall- be void, or the estate of the tenant terminate, and none of the words of proviso or condition, by which a condition in a deed is usually expressed. We do not decide that an estate upon condition can be created by the use of certain technical words only.; but we do hold, that the intention to raise a condition or a limitation by which a vested estate may be defeated, must appear in the deed, either by technical words, or by expressions clearly conveying the idea to which those technical words are most appropriate ; and we think that the clause now in question must be held to amount to a covenant merely, and not a condition, or a limitation.
We know of no case in which it has been held that an estate upon condition, was created by expressions or stipulations like those in the deed before us. The general doctrine is stated by Mr. Washburne; as follows: “So, though one covenant in a lease, is to surrender the premises upon a certain contingency, it does not give the lessor a right to enter and expel the lessee, upon the happening of such contingency, unless there is right of re-entry therefor reserved to the lessor in the lease. So, where the lessee agreed to surrender the premises at any time after so many months, on being paid so much money, it was held to be a covenant only, and not a condition, nor a conditional limitation which would determine the lease. And it may be stated as a general proposition, that Courts *578 always construe similar e'lauses as covenants only, ratber than conditions or conditional limitations:” 1 Washb. on Real Prop., 320.
In Denison vs. Read, 3 Dana, 586, the lessee' had covenanted to make certain repairs, and to pay a stipulated rent; and also, “to deliver Read, (the lessor,) the possession at any time on demand, in the event of his failing to make payment, or to perform any other covenant which he made.” Read entered and took possession of the premises without the consent of Den-ison, the lessee; and to an action brought by Denison for wrongfully dispossessing him, pleaded: 1st, That Denison had not made the repairs; and 2d, that he had not paid the rent. It was held, that both pleas were insufficient; the Court saying, that, “Read had no right to enter for a breach of covenant by Denison, but was entitled only to damages for his refusing to surrender the possession according to his undertaking, on the stipulated contingency.” .
In Doe dem., Willson vs. Phillips, 2 Bigham, 18, the lease between the parties contained the following stipulation: “It is also further agreed and clearly understood, that in case the said A. W., or his heirs, executors and assigns, should want any part of the said land to build or otherwise, or cause to be built, then the said T. R., or his heirs, executors, or assigns, shall and will give up that part or parts of the said land, as shall be requested by the said A. W., by his making an abatement in proportion to the rent charged, and also to pay for so much of the fence at a fair valuation, as he shall have occasion, from time *579 to time, to take away, by bis giving six months’ notice of what he intends to do.” It was held that the stipulation for the surrender of the premises above quoted, was a covenant and not a condition, and that an action of ejectment could not be sustained by the landlord before the expiration of the stipulated term.
In Wheeler vs. Dascomb, 3 Cushing, 285, the lease in question, was for the term of ten years, and contained the following stipulation: “ Said lessee doth agree to deliver up said premises, and all the buildings and repairs put on said premises by him, in three months’ notice, by said lessor paying him $250.” The notice having been given, and the $250 tendered, the lessor brought suit to. recover possession; but it was held, that the stipulation in the lease was a covenant and not a condition, and that the action could not be maintained.
We «can find no decision in conflict with those above cited, except the case of Simons vs. Marshall, 3 Iowa, 502, where it was held, that a breach of an agreement on the part of the lessee, to surrender the possession on demand, in case the rent should not be paid, would entitle the lessor to sue for and recover the possession; but the point now under discussion was not made or considered in the case.
We are, therefore, of the opinion, that the judgment in this case must be reversed, and the cause remanded to the Circuit Court for a new trial.