WILLIAM WAGNER, APPELLEE, V. PRENTISS D. CHENEY, APPELLANT.

Real Estate: SPECIFIC PERFORMANCE. A condition in a contract for the sale of real estate requiring the assent of the vendor to an assignment of the same, but not providing for a penalty or forfeiture of the contract, will not defeat an action by an assignee thereof who has fully performed, for specific performance.

APPEAL from a decree of the district court of Johnson county, POUND, J., presiding.

*Pinero & Chapman*, for appellant.

*S. P. Davidson*, for appellee.

MAXWELL, J.

This action was brought to enforce the specific performance of a contract for the sale of real estate. A decree was entered in the court below in favor of the plaintiff, from which the defendant Cheney appeals.

It is alleged in the petition in substance that on the 28th day of April, 1879, Cheney entered into a contract in writing with one Nancy E. King, whereby he sold to said King or *her assigns* the north-east quarter of sec. 31, town 6 north, range 11 east, for the sum of $1,200, of which sum $200 was paid at the date of the contract, and the remainder to be paid- in ten annual payments, for which ten promissory notes were given of one hundred dollars each, due in one, two, three, four, five, six, seven, eight, nine, and ten years from date, and also ten other notes for the annual interest thereon, and all payable at the office of Russell & Holmes, in Tecumseh, Nebraska; that if Nancy E. King, her legal representatives or assigns, should pay one-half of the notes for principal promptly as

they came due, and also the interest notes for interest accrued to that date, and all taxes assessed against said land, then said Cheney would execute a deed for said land to Nancy E. King, her heirs or assigns, and take a mortgage on the land to secure the remainder of the purchase money; that in August, 1881, Nancy E. King sold and assigned her interest in the contract to J. H. King, who accepted the same with the assent of Cheney; that in March, 1882, J. H. King sold and assigned, with Cheney's assent thereto, said contract to the plaintiff; that the notes for principal and interest were paid promptly when they became due at the office of Russell & Holmes; that the amount of principal so paid is the sum of $600, being one-half of the purchase price, and the further sum of $254, being interest on the principal; that in March, 1882, the plaintiff offered to surrender said contract and execute a mortgage upon said land to secure the notes remaining unpaid, and to fully perform said contract upon his part, and demanded a deed, which the defendant refused to execute. There are other allegations to which it is unnecessary to refer.

The defendant Cheney in his answer admits the making of the contract and the performance of its conditions by the plaintiff, but alleges that in this contract it is provided that no assignment of the premises or said contract shall be valid unless with the written consent of said defendant Cheney, and by endorsement of said contract of assignment on said contract. He further avers that if the defendant J. Henry King assigned said contract or premises to the plaintiff, he, the said defendant Cheney, never consented to said last assignment. Said defendant Cheney therefore avers that there is no privity or mutuality of contract between him and this plaintiff. It will be observed that no penalty is attached to the condition. Such provisions are sometimes inserted in leases, because it seems to be a reasonable privilege that the lessor shall select such tenants as

in his opinion will take proper care of the leased premises
and pay the rent punctually.    Taylor's Land. and Tenant
(7 Ed.), 349.    But it is a restraint which courts do not
favor.    *Crusoe v. Bugby*, 2 W. Bl., 766,—S. C., 3 Wils.,
234,    *Church v. Brown*, 15 Ves., 258–265.    Taylor's L.
& L., 349.    Upon a breach the original lessee becomes
liable for damages; but the lease is not terminated or the
interest of the sub-lessee destroyed unless the original lease
is made *on condition* that there shall be no assignment or
underletting, or provides that the original lessor may upon
any assignment or underleasing enter and expel the lessee
or his assigns.    1 Parsons on Contracts (5 Ed.), 506.    1
Smith's L. C. (6 Ed.), 89, *et seq.*    But to create a good
condition upon which a term granted by a lease shall end
before it expires by lapse of time, a right to re-enter on
breach must be expressly reserved.    *Dennison v. Reed*, 3
Dana, 586.    *Vanatta v. Brewer*, 32 N. J. Eq., 268.    Boone
on R. P., § 102.    1 Wash. R. P. (4 Ed.), 479.    When,
however, as in this case, there was an absolute sale of the
property, and the terms of the contract have been fully
complied with by the purchaser or his assignee, it is no de-
fense to an action for specific performance to allege that
the defendant did not give his assent to the assignment.
There is no claim or pretense, nor indeed could there be,
that the contract is forfeited, or that the defendant's secur-
ity is impaired in any manner by the assignment.

Where a penalty or forfeiture is assigned as a mere se-
curity, to enforce the principal obligation, it has performed
its purpose when the party insisting upon the penalty or
forfeiture is fully paid his money or damages.    Story's
Equity, § 1316.    *Peachy v. Somerset*, 1 Str., 447.    *Skinner
v. Dayton*, 2 Johns. Ch., 535.    The defendant in this case
has been paid, according to the terms of the contract.
While receiving and retaining the plaintiff's money for the
land, and thereby admitting the validity of the contract,
his only plea is that he has not given his assent to the as-

signment to the plaintiff. He has the notes of the original purchaser, and the plaintiff offers to secure them, as agreed upon in the contract, by a mortgage on the land. This is sufficient, and the answer constitutes no defense to the action. Even if the condition had been in the nature of a forfeiture, sufficient is shown in the proof to waive the condition. But there is no provision for forfeiture.

There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.