JOHN C. WATSON, APPELLANT, v. PETER ULBRICH, APPELLEE.

1. Purchaser at Judicial Sale not Affected by Subsequent Opening of Judgment. A purchaser in good faith of lands the title of which was acquired through judicial proceedings upon constructive service, will not be affected by the subsequent opening of the decree under section 82 of the Code.

2. ———. Where a decree is vacated under section 82 of the Code, and an answer filed by the defendant denying the facts stated in the petition and praying for a dismissal of the action, the subsequent dismissal of the suit by the plaintiff will not affect the title of a purchaser in good faith while the decree was in full force.

APPEAL from the district court of Otoe county. Heard below before POUND, J.

*John C. Watson*, for appellant.

*Groff & Montgomery*, for appellee.

MAXWELL, J.

On the 4th day of June, 1874, one **H. H.** Gray obtained a tax deed from the treasurer of Otoe county for the north-west quarter of section 34, township 7 north, range 13 east, in Otoe county. On the 8th day of June, 1876, Gray obtained from the treasurer of said county a second tax deed for said land. On the 3d day of February, 1878, a third tax deed for the above described lands was issued to Gray by the treasurer of said county. All of these deeds were duly recorded. The three deeds were made in pursuance of a sale of the land for taxes for the years 1868, 1869, 1870, 1871, and 1872.

In February, 1878, Gray brought an action in equity against Leonard A. Crandall, in the district court of Otoe county, to quiet his title to said land. Crandall being a non-resident of the state an affidavit for publication was duly made and filed, and notice given by publication.

In April, 1878, a decree was rendered wherein the court finds " that he, Gray, has the legal estate in fee simple in and is entitled to the possession of the same; that neither the defendant nor any person since the commencement of this action has any estate in or is entitled to the possession of said real estate or any part thereof; and that the plaintiff ought to have his title and possession quieted as against the defendant as prayed for in his petition herein," and a decree was rendered in favor of Gray, and excluding Crandall from any right, title, or interest in the property.

On the 25th of October, 1878, Gray sold and conveyed the land in question to Holland, and Holland, in December, 1881, in consideration of the sum of $1,700, sold and conveyed said land to the defendant.

In March, 1883, and within a few days of five years from the date of the decree, and more than a year after Ulbrich's purchase, Crandall served a notice upon Gray, who at that time lived in Wisconsin, of his application to open the decree. On the hearing of the application Crandall was permitted to answer upon payment of costs. He thereupon filed an answer as follows : "Now comes the said defendant, Leonard H. Crandall, and for answer to plaintiff's petition denies that plaintiff is the owner of the northwest quarter of section thirty-four, in town seven, range thirteen east, in Otoe county * * * Denies that he has any valid tax deed to or for said land. Denies that plaintiff ever made any valid purchase of said land for taxes of any year in 1869 or any other years. Denies that there was any valid sale of said land for taxes made in the year 1869, in 1874, or any other years, for the taxes of 1872 or any other year. Denies that any valid deed was ever executed by the treasurer of Otoe county for the tax of any year whatever, or at any time whatever."

Defendant says, " that he is the owner of said land, and asks that plaintiff's bill be dismissed, and that this defendant may have judgment for costs." Gray thereupon dismissed the action without prejudice.

On the 12th day of March, 1883, Crandall conveyed all his interest in the land in question to one James C. Young, who, in December, 1883, conveyed to the plaintiff, who thereupon brought this action, wherein he " prays that each of said deeds as aforesaid made be declared of no effect, and that they be set aside and held for naught, and that plaintiff have his title quieted to said premises, and for such other relief as he may be justly and equitably entitled to." Issues were joined, and on the trial the court found in favor of the defendant, and dismissed the action. The plaintiff appeals.

The principal question to be determined is, whether or not the decree in favor of Gray rendered upon construc-

tive service is valid until set aside. No objection is made to the service or any of the proceedings connected with it. The real estate in controversy was within the jurisdiction of the district court, and that court had authority in a proper case to render the decree confirming the title of Gray.

In *Castrique v. Imrie*, L. R., 4 H. of L., 414–429, Mr. Justice Blackburn says, "We think the inquiry is, whether the subject matter was so situated as to be within the lawful control of the state under the authority of which the court sits; and secondly, whether the sovereign authority of the state has conferred on the court jurisdiction to decide as to the disposition of the thing, and the court has acted within its jurisdiction. If these considerations are fulfilled the adjudication is conclusive against all the world." *Grignon's Lessee v. Astor*, 2 How., 339. *Thompson v. Tolmie*, 2 Peters, 162. *Ballow v. Hudson*, 13 Gratt., 672. *McPherson v. Cunliff*, 11 Serg. and R., 422. *Seward v. Didier*, 16 Neb., 58. *Trumble v. Williams et al.*, ante p. 144. The court, therefore, in this case having authority to render the decree and jurisdiction of the subject matter, its decree is conclusive upon the property until vacated under the statute or set aside.

Section 82 of the Code provides that "a party against whom a judgment or order has been rendered without other service than by publication in a newspaper, may, at any time within five years after the date of the judgment or order, have the same opened and be let in to defend; before the judgment or order shall be opened the applicant shall give notice to the adverse party of his intention to make such an application, and shall file a full answer to the petition, pay all costs, if the court require them to be paid, and make it appear to the satisfaction of the court, by affidavit, that during the pendency of the action he had no actual notice thereof in time to appear and make his defense; *but the title to any property the subject of the judg-*

*ment or order sought to be opened,* which by it, or in con-
sequence of it, shall have passed to a purchaser in good
faith, shall not be affected by any proceedings under this
section, nor shall they affect the title of any property sold
before judgment under an attachment," etc.

It will be seen that the title of a *bona fide* purchaser ac-
quired while the decree is in full force is protected. This
question was before this court in *Scudder v. Sargent,* 15
Neb., 102, and it was held that a *bona fide* purchaser was
entitled to protection. A statute of this kind is liable to
abuse; and courts should exercise great care to see that
the claims which are the subject of the action are well
founded; but the decree when rendered, if the court had
jurisdiction, is valid until set aside, at least so far as *bona
fide* purchasers of the property are concerned. And the
order of the court permitting the defendant to answer and
make his defense is merely for the purpose of determining
the respective rights of the plaintiff and defendant, and
does not affect innocent third parties; and the dismissal of
the action will not affect their rights. Where the plain-
tiff, upon an answer being filed, dismisses the action with-
out a trial, and the suit was not founded on a valid claim,
but was a mere pretext for obtaining the defendant's prop-
erty, there is no doubt the plaintiff would be liable for the
value of the property so converted. It is unnecessary,
however, to consider that question. As the defendant is a
*bona fide* purchaser under the decree confirming Gray's
title to the property in controversy he is not affected by
the subsequent opening of the decree and dismissal of the
action. The judgment of the court below is therefore
affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.