PRENTISS D. CHENEY v. WILLIAM WAGNER.

[FILED OCTOBER 28, 1891.]

1. **Specific Performance:** WAIVER OF BENEFITS UNDER A
   DECREE.   One W. brought an action against C. for specific
   performance of a contract for the sale of land.   He alleged in his
   petition that "on the 2d and 12th days of October, 1882, he paid
   the installments of both principal and interest, due in three and
   four years after said last mentioned date, at the office of Russell
   & Holmes," etc., and had duly performed the conditions of the
   contract on his part.   The court rendered a decree of specific
   performance in his favor, whereupon he withdrew the money
   placed with Russell & Holmes for C.   *Held,* An abandonment
   of the benefit of the decree.

2. ———: ———.   In this case the court will not consider whether
   or not Russell & Holmes are liable to C. for the money.

3. ———: ———: COSTS.   The court below granted W. relief on
   the condition that he pay the amount with seven per cent inter-
   est to the clerk of the court within sixty days.   *Held,* That as
   C. was entitled to the consideration for the land without further
   cost, that W. must pay interest at the contract rate, all costs in
   both courts, and the sum of one hundred dollars to Cheney's
   attorneys.

ERROR to the district court for Johnson county.   Tried
below before BROADY, J.

*Chas. E. Magoon,* for plaintiff in error, cited: *Sch.
Dist. v. Randall,* 5 Neb., 411; *Aspinwall v. Sabin,* 22 Id.,
77; *Keeler v. Elston,* Id., 311; *Eaton v. Hasty,* 6 Id., 419;
*Hoitt v. Holcolmb,* 3 Frost [N. H.], 554; *Borden v. Fitch,*

15 Johns. [N. Y.], 145; *Lawrence v. Jarvis,* 32 Ill., 310; *Shelton v. Tiffin,* 6 How. [U. S.], 186, 188; *O'Donohue v. Hendrix,* 13 Neb., 256.

*S. P. Davidson, contra,* cited: *Keeler v. Elston,* 22 Neb., 312.

MAXWELL, J.

This case was before this court in 1884 and is reported in 16 Neb., 202, the decree of the court below to enforce the contract being affirmed. In that case it was alleged by Wagner in his petition, that after plaintiff purchased said contract as above mentioned, to-wit, on the 2d and 12th days of October, 1882, he paid the installments of both principal and interest, due in three and four years after said last mentioned date, at the office of Russell & Holmes, Tecumseh, Nebraska, where said notes are made payable," etc. These allegations, with others in the petition, were duly verified by Wagner and supported by testimony, and were relied upon by the district court in rendering its judgment, and by this court in affirming the same. Immediately after the affirmance of the judgment by this court Wagner went to the bank of Russell & Holmes and withdrew the deposit upon which he had obtained the decree. Thereupon Cheney filed a petition to vacate the decree. Issues were joined, and on the hearing the court below rendered judgment as follows:

"And now, on this 24th day of December, A. D., 1887, the hearing hereof was completed over the objections and exception of said Wagner, and the court finds generally for said Cheney, and that the decree herein at the April term, 1884, was obtained by said Wagner on the faith that he would let said Cheney have the $290 deposited with Russell & Holmes before that time; that the court then considered said $290 said Cheney's money and as part payment for the land, and on this faith thereof made said decree; that

after said decree was entered, said Wagner took and converted said money to his own use, which operated as, and was a fraud and contempt of court, and by reason whereof that said decree was obtained by fraud and should be set aside, provided that if said Wagner shall, within sixty days, pay to the said clerk of this court, for said Cheney's use, said $290 and interest thereon at seven per cent per annum, then said decree shall stand and remain in full force. Said Wagner excepts to said findings.

"It is therefore adjudged and decreed by the court, that if said Wagner shall pay into court, to the clerk of this court, said $290 for the use of said Cheney within sixty days from this date, with interest thereon from July 1, 1885, at the rate of seven per cent per annum, then said decree entered herein at the April term of this court, 1884, shall stand and remain in full force; but if said Wagner shall refuse to pay said money into court as above mentioned then it is ordered and decreed that said decree be opened up and vacated, and said cause stand for trial the same as if the same had not been entered."

No litigant who, in good faith, comes into a court of equity seeking relief, and alleging that he has duly performed all the conditions of the contract on his part to be performed, will pursue the course taken by Wagner in this case. Such conduct is entirely unjustifiable. A party obtains a decree of specific performance upon the representation that he has paid the consideration, or such part of it as was then due, to the person agreed upon in the contract to receive it, and immediately upon the entering of the decree withdraws the deposit. Such withdrawal of the money is, in effect, a waiver of a claim under the contract—an abandonment of the contract, although perhaps not so intended by the parties.

The fact that the person receiving the deposit may still be liable therefor is not now before the court, and will not be considered.

Wagner did, as far as he was able to do so, defeat the right of Cheney to the consideration for the land.   He has conclusively shown that he does not desire to do equity, and were this a trial court the former decree would be vacated and the action dismissed.   Wagner has shown such a want of good faith as to justify denying him any relief. The trial court in this case, however, granted Wagner relief on certain conditions.   These, however, are not sufficiently erroneous.   Cheney was entitled to his money without any additional costs in the case.   The decree of the court below will therefore be modified as follows : That Wagner shall within sixty days pay the amount due with interest at the contract rate to the clerk of this court, and that he pay all costs in both courts, and the sum of one hundred dollars to Cheney's attorneys.   And in case he fails to conform to this judgment, that the former decree be vacated and the action dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.