PERCY E. GWYNNE, APPELLANT, v. SAMUEL GOLDWARE, SR., ET AL., APPELLEES.

FILED MARCH 1, 1918. No. 19499.

1. **Vendor and Purchaser:** EXECUTORY CONTRACT: ASSIGNMENT: RIGHTS OF ASSIGNEE. One who takes an assignment of an executory contract for the purchase of land does not necessarily thereby acquire the legal title to the premises, nor does he occupy the position of an innocent purchaser, but, in the absence of estoppel or other special circumstances, takes only the rights of his assignor.

2. **Lis Pendens.** The filing of a notice of *lis pendens* according to the provisions of section 7651, Rev. St. 1913, at the commencement of an action to quiet title gives constructive notice of plaintiff's claims.

3. **Vendor and Purchaser: CONTRACT: CONSTRUCTION.** A clause in a contract for sale of land which provides that the assignment thereof must be approved by the owner is construed to have been made for the protection of the vendor, and third parties without equitable claims of ownership cannot take advantage of its provisions.

4. **Judgment: CONCLUSIVENESS.** A decree rendered in a case by a court having jurisdiction of the subject-matter and parties cannot be successfully assailed collaterally, and is binding on the parties and those claiming by, through or under them until it is reversed, modified or otherwise set aside.

APPEAL from the district court for Kimball county: HANSON M. GRIMES, JUDGE. *Reversed, with directions.*

*Sutton, McKensie, Cox & Harris* and *William J. Ballard,* for appellant.

*Weaver & Giller, Edson Rich* and *A. G. Ellick, contra.*

HAMER, J.

Appeal from district court for Kimball county. This action was brought by Percy E. Gwynne against Samuel Goldware and others to quiet title to section 33, township 14, range 58 west of the sixth P. M., in Kimball county, Nebraska.

The facts as shown by the record are that in 1906 the Union Pacific Railroad Company was the owner of the land and sold the same to Clara Pottle, to whom a contract was executed by which the company agreed to convey said premises to her or her assigns on the payment of ten equal annual payments of $160 each, with interest at 6 per cent. per annum. The contract provided, among other things, that assignments of said contract should not be made unless approved by the company. The contract was afterwards assigned to one Fred P. Smith, on January 24, 1910. Smith assigned the contract and duly acknowledged his assignment, but the name of the assignee was left blank.

It appears, however, that one A. A. Patzman obtained possession of the contract from one Sheeley, who at that time claimed to own it, and for a valuable consideration, the name of the assignee being still blank. Sheeley also claimed to be Smith's agent. It also appears that Patzman executed and delivered a warranty deed of the land to the plaintiff, which deed was dated in February, 1911. It was also shown that Patzman traded the contract to A. A. Brown, and that a contest arose between them in regard to the trade, and November 25, 1910, Patzman commenced an action in the district court for Kimball county against A. A. Brown and one Alfred Jones, alleging fraud in said trade, and praying for a decree quieting the title in said contract and in said land in him as against Brown and Jones, and all persons claiming by, through or under them, or either of them. Service was had on Brown by publication and personal service was obtained on Jones. Patzman at the time he commenced his action filed the proper *lis pendens* notice as provided by section 7651, Rev. St. 1913. Thereafter the district court on the 30th day of January, 1911, rendered a decree for Patzman in accordance with the prayer of his petition.

It appears, however, that Brown, disregarding the said action, claimed to have traded and assigned the contract in question to one G. W. Gray in December, 1910, whose name was inserted thereon as assignee. The record further shows that in 1910, while he was the owner of the tract, Patzman paid the amount due thereon to the railroad company, the amount then being $227.20; that since that time plaintiff has not paid anything more thereon. It appears that Gray paid the company the 1911 instalment and assigned his interest in the contract to John Anderson, who assigned the same to J. W. Rasp, who in time assigned it to the defendants Goldware, who claim to have kept up the payments to the time of the commence-

ment of this action, the last assignment being made on September 16, 1912. On the trial the district court rendered a decree for the defendants, and the plaintiff has appealed.

The case was first submitted to the commission, which recommended an affirmance. A rehearing was allowed, and on the reargument it was submitted to the court.

Appellant contends that the district court erred in rendering a judgment or decree for the defendants because the evidence was insufficient to constitute a defense to plaintiff's cause of action; that it was error for the trial court to disregard its former decree in the case of Patzman v. Brown and Jones, for the reason that defendants had constructive notice and are bound by the decree in that case. His argument is that an assignee of a contract for the purchase of land acquires no better right than the assignor had, and that he takes subject to any defense which would be good against his assignor. We think this argument is well founded. In 39 Cyc. 1667, it is said: "An assignee of a bond for title or other executory contract for the purchase of land, as he does not acquire the legal title, does not occupy the position of an innocent purchaser, but, in the absence of estoppel or other special circumstances, takes only the rights of his assignor." This declaration of law is supported by *Hamaker v. Coons,* 117 Ala. 603; *Thompson v. Allen,* 12 Ind. 539; *Hawley v. Hawley,* 43 Or. 352.

The appellant further claims that, after the filing of the *lis pendens* notice in the Patzman case against Brown & Jones, Brown and his assignees were bound by the decree in that case. This contention is supported by section 7651, Rev St. 1913; *Munger v. Beard & Bro.,* 79 Neb. 764.

The law infers that all persons have notice of the proceedings of courts of record. The law is that he who intermeddles with property in litigation does so

at his peril, and is as conclusively bound by the results of the litigation, whatever they may be, as if he had been a party to it from the outset. 2 Black, Judgments (2d ed.) sec. 550.

Finally, appellant contends that the district court for Kimball county had jurisdiction of the subject-matter and the parties in the case of Patzman v. Brown and Jones, and the decree in that case not having been reversed or modified, but remaining in full force and effect, cannot be assailed collaterally; that defendants are bound thereby. We think that this contention is sound. In *Watson v. Ulbrich,* 18 Neb. 186, it is said: "But the decree when rendered, if the court had jurisdiction, is valid until set aside, at least so far as *bona fide* purchasers are concerned." It is expressly contended by the .defendants that the clause in the contract in question which provides that it shall not be assigned without the consent of the railroad company rendered the assignments to Patzman and others void, and, the company not having consented to such assignments, the plaintiff took nothing thereby. We are of the opinion that this contention should not be allowed to prevail. It has been frequently held that such a provision is made for the protection of the vendor only, and cannot be taken advantage of by third parties. *Wagner v. Cheney,* 16 Neb. 202. In that case this court held: "A condition in a contract for the sale of real estate requiring the assent of the vendor to an assignment of the same, but not providing for a penalty or forfeiture of the contract, will not defeat an action by an assignee thereof, who has fully performed, for specific performance."

The record further discloses that the railroad company does not seek to take advantage of that situation, but has filed an answer alleging in substance, that a controversy has arisen between the plaintiff and Goldware over the ownership of the land contract in

question; that it is unable to determine which of the parties is the owner thereof; that it has no interest in the controversy, and is ignorant of the rights of the parties; and that it is ready and willing to convey the property to the party entitled to the same on the payment of the remainder due on said contract. This should settle that part of the controversy.

From what we have said, it seems clear that the judgment of the district court must be reversed, and it is so ordered, and the case is remanded to that court, with directions to ascertain the several amounts paid by the defendants and their grantors on the contract to the railroad company, together with the taxes which have been paid by them, with interest on the several amounts; that said sums be paid into court for the benefit of defendants; that plaintiff be further required to pay the amount due the Union Pacific Railroad Company, with interest, the same to be paid into court, and on such payment being made the court will render a decree for the plaintiff as prayed for by his petition.

REVERSED.

SEDGWICK, J., not sitting.