### ELLIOTT and Another *v.* LEWALLEN and Others.

A person is competent as a witness when, in the event of the success of the party against whom he is called, he would be liable to a less amount than he otherwise would if the party who called him should succeed.

*A.* sold a tract of land to *B.*, he sold it to *C.*, and he sold it to *D.* and *E.* No deeds or contracts were executed, but each took possession at each sale. *B.* never received any of the purchase-money from *C.*, but the latter fraudulently collected the proceeds of a note which he assigned as the consideration. *Held,* that *C.* could not enforce a specific performance; neither could *D.* and *E.*, as they acquired no equity greater than *C.* possessed.

*Wednesday,
December 5.*

ERROR to the *Franklin* Circuit Court.

SMITH, J.—*William Elliott* and *Solomon Meredith* filed a bill in chancery against *David Lewallen, Jonathan Macy,* and *Thaddeus Owen,* for the specific performance of a contract for the sale of a tract of land containing forty acres. The bill alleged that on the 25th of *April,* 1836, *Lewallen,* being the owner in fee simple, sold said tract to *Macy;* that *Macy,* on the 27th of *May,* 1838, sold the same to *Owen;* and that *Owen,* on the 10th of *January,* 1840, sold it to the complainants; that no deeds or writings evidencing the contracts were executed, but that full payment of the purchase-money was made, and possession

taken by the purchasers at each sale, and that *Lewallen*, *Macy*, and *Owen* had refused the demand of the complainants for a conveyance.

*Lewallen* and *Owen* made default. *Macy* answered. He admitted that *Lewallen* sold the land to him, received payment, put him in possession, and was to make a deed to him or to his order upon request. He said he sold the land to *Owen* on the 24th of *July*, 1839, in consideration of the assignment, by *Owen* to him, of a promissory note drawn by one *Isaac Granby* in favor of *Owen*, for the payment of 320 dollars with interest on the 25th of *December*, 1840; and that, though there was nothing expressly agreed upon as to the conveyance, it was his intention to procure a deed to be made by *Lewallen* to *Owen* as soon as said note was paid. He also says that he has never received payment of said note, or any part it, and he denies that he has received any payment whatever under the contract with *Owen*. He says he had no knowledge of the maker of the note, and that though he had made diligent search he could not find him, and so apprised *Owen* soon after the maturity of the note, who then promised to make other provision for the payment for the land, but failed to do so.

The cause was submitted upon the bill, answer, replication, depositions, and exhibits, and the Court rendered a decree dismissing the bill without prejudice.

There were three depositions used.

*John P. Elliott* testified, that after the complainants had purchased of *Owen*, at their request, he called upon *Macy* and demanded a deed; that in a conversation which ensued, he understood from *Macy* that the purchase-money was paid; that he inquired of *Macy* if all was right, and if there was any objection to his making a deed to the complainants, and *Macy* answered that everything was right, and he would make a deed in a short time.

*William Patty* deposed, that the complainants had sold the land, with other lands, to him; that about the time of the sale to him (in 1840, or 1841,) he met *Macy*, in presence of the complainants and others, and some conver-

sation arose as to the conveyance of the land in contro-versy; that *Macy* said the matter was arranged, he had received payment, and would make a deed to the depo-nent.

The third deposition was that of *Owen*, one of the de-fendants. It was objected to, by the complainants, on the ground that he was interested; but the objection was overruled. He testified that after he had assigned the note to *Macy*, he collected the money due upon it from *Granby*, without *Macy's* knowledge or consent, and that he never paid *Macy* anything. He said that after *Macy* became dissatisfied with the note, he (*Owen*) proposed to transfer to *Macy* a judgment in the *Henry* Circuit Court for 180 dollars, but *Macy* refused to receive such transfer in full payment for the premises, and that he, therefore, went to the complainants, who agreed to take the judg-ment themselves and relinquish the land; that he, accord-ingly, assigned the said judgment to them, and, as he had understood, they had received payment of the amount due upon it.

The complainants contend that the deposition of *Owen* should have been excluded. It appears that it was taken to be read on behalf of *Macy*, without an order of the Court having been for that purpose first obtained, but as the objection was not made in the Circuit Court, the right of the complainants to object to it on that score, must be considered as waived. Indeed, there was an agreement by the parties, that no objection should be taken to its admission, except upon the ground of the deponent's in-terest.

The motion to suppress this deposition, on the ground that *Owen* was interested in the event of the suit, was pro-perly overruled. His testimony is evidently against his interest. By proving that the complainants acquired no title to the land in controversy by their purchase from him, he renders himself liable to refund to them the amount of the purchase-money paid him, which is stated in their bill to have been 500 dollars, while, in the event of their succeeding in establishing a title, the extent of

his liability to *Macy* could not exceed the amount of the note for 320 dollars. His position, in this respect, is not altered by his testimony relative to an agreement of the complainants to relinquish the land in consideration of the assignment of a judgment, as such an agreement was void under the statute of frauds, and he does not say that under this new agreement the complainants put him in possession, so as to render such a verbal contract valid.

The testimony of *Owen* being thus properly admitted, the complainants must fail, as they had to depend. upon the right of *Owen*, their assignor, and if he could not enforce a specific performance by *Macy* and *Lewallen*, neither could they. It is not proved, nor, indeed, charged, that *Macy* or *Lewallen* was in any manner privy to their contract with *Owen;* they, therefore, acquired no equity from the latter greater than he himself possessed, and, at the time of filing their bill, could only ask to be substituted in his place, for the purpose of demanding the conveyance to which he would have been entitled but for his assignment of his equity to them. *Owen*, then, having not only failed to pay the consideration of his contract with *Macy*—and upon this point his own positive testimony leaves no room for doubt—but having fraudulently collected the proceeds of the note which he assigned as such consideration, it can scarcely be necessary to say, that neither he nor any other persons entitled merely to be substituted in his place, can demand the aid of a Court of equity to enforce a conveyance of the premises in question.

*Per Curiam.*—The decree is affirmed.

*J. Rariden, J. S. Newman,* and *J. A. Matson,* for the plaintiffs.

*S. W. Parker,* for the defendants.