## JOHN E. SEARS *vs.* JOSEPH CONOVER.

A contract upon which an action would lie by the personal representatives of a party thereto, in case of his death, for the enforcement of his rights and remedies under the same, is legally assignable.

So held in respect to a written agreement by the defendant to deliver to the plaintiff's assignor all the potatoes the defendant should raise the following season, delivered on the boat, at a specified price per barrel.

A notice given by the assignee of such a contract, to the vendor, that he is ready to pay for the potatoes, on delivery, according to the terms of the contract, is a sufficient notification of readiness on his part.

And if the vendor, at the time of receiving such notice, and with knowledge of the assignment of the contract, refuses to deliver the potatoes, stating that he has sold them to other persons, this will supersede the necessity of any demand after the potatoes are harvested.

If the vendor has sold and delivered the potatoes to other parties, without

any notification to the original purchaser, or his assignee, of the time when he would be prepared to deliver them, or requiring him to be prepared to receive and pay for them, and the jury has found for the assignee, generally, in an action brought by him upon the contract, the last sale will be held to have been made in pursuance of the intention manifested by the refusal to deliver the goods to the assignee or to recognize him in the transaction.

THE action in this cause was brought upon the following contract.

"Mr. J. Conover agrees to deliver to S. B. Conover all the peach-blow potatoes he raises the coming season, in good merchantable order, delivered on the boat at 12*s.* per barrel. He agrees to plant ten acres or more. *New York, March 6th,* '57.

JOSEPH CONOVER.

*New York, March 6th,* 1857.

I have this day agreed to take of Joseph Conover, of Middletown, N. J., all the peach-blow potatoes he raises the coming season, at the price of one dollar and fifty cents per barrel, delivered at the boat at Red Bank. He to plant ten acres or more. STEPHEN B. CONOVER."

The plaintiff sued as the assignee of Stephen B. Conover's interest in the contract; alleging that in October, 1857, he purchased the said contract for a good and sufficient consideration from the said Stephen B. Conover, and that he, the plaintiff, is now, and has been since the said purchase, the owner of the said contract, and entitled to all the rights and interest therein which the said Stephen had. And it was proved that written notice of said assignment was given to the defendant, on the 5th of October, 1857. At the same time a demand of the potatoes was made by the plaintiff, of the defendant, the same to be delivered on board the boat in accordance with the terms of the contract; the plaintiff stating in the notice, his readiness to pay for the potatoes, on delivery, at the price named in the agreement. The witness who served the notice testified that he met the defendant, and told him that he had come to see about the potatoes, and that he had a paper for him; he said, "I told you when

you were here before that you could not have the potatoes; that I had sold them; and I tell you so again." The witness read the notice to him; he said that he did not know John R. Sears, and had made no contract with him.

The action was brought for this refusal of the defendant to deliver the potatoes. It was proved that potatoes at the time of harvesting were worth that year, (1857,) at Red Bank, from $3.75 to $3.87½ per barrel.

The defendant moved to dismiss the complaint; which motion was denied, and the defendant excepted.

The court decided that the plaintiff was the assignee of the contract, and that the contract was a valid and binding contract of bargain and sale.

The jury found a verdict in favor of the plaintiff, for five hundred dollars.

The defendant made a case, and a motion for a new trial having been made, at a special term and denied, he appealed to the general term.

*Beebe, Dean & Donohue,* for the appellant.

*T. D. Pelton,* for the respondent.

By THE COURT. The personal representatives of Stephen D. Conover would have been entitled to enforce all his rights and remedies under the contract in question. It is therefore legally assignable.

The notice given by the plaintiff to the defendant, on the 5th October, 1857, that he was ready to pay for the potatoes on delivery, according to the terms of the contract, was a sufficient notification of readiness on his part.

The statement of the defendant at that time, when fully informed of the assignment of the contract, that he would not deliver the potatoes, and that he had sold them to other parties, superseded the necessity for any demand for delivery, after the potatoes were harvested, if the jury considered the

fact of the refusal to perform to be established. There was some contradictory evidence on this point, but it must be now held that it was decided by the jury.

The defendant should have notified the plaintiff of the time when he would be prepared to deliver the potatoes at the place agreed on, and have required him to be prepared to receive and pay for them. Had the plaintiff neglected to comply, the defendant would then have been absolved from performance.

The defendant having sold and delivered the potatoes to other parties, without such notification to the plaintiff, and the jury having found for the plaintiff generally, such sale must now be held to have been made in pursuance of the intention manifested by the refusal to deliver on the fifth of October, or to recognize the plaintiff in the transaction.

On the question of damages, the evidence established that the defendant had not harvested more than 150 bushels of potatoes suitable for delivery under the contract, or that the other contracting party could have been required to receive. The answer admits, however, 200 bushels.

A new trial is granted unless the plaintiff stipulate to reduce the verdict to $300, within ten days; and in the event that such stipulation is filed, then the judgment is affirmed.

[NEW YORK GENERAL TERM, May 6, 1861. *Clerke, Leonard* and *Sutherland*, Justices.]