CHARLES S. BOYKIN, Appellant, *v.* GEORGE W. CAMPBELL ET AL., Respondents.

**February 1, 1881.**

An executory contract founded upon personal trust and confidence is not assignable without the consent of the other party to it.

APPEAL from the St. Louis Circuit Court, THAYER, J.
*Affirmed.*

BROADHEAD, SLAYBACK & HAEUSSLER, for the appellant, cited : *Leahy* v. *Dugdale*, 27 Mo. 437 ; *City* v. *Clemens*, 42 Mo. 69 ; *De Barry* v. *Withers*, 44 Pa. St. 359 ; *Smith* v. *Kennett*, 18 Mo. 154 ; *Edgell* v. *Tucker*, 40 Mo. 523 ; *Walker* v. *Mauro*, 18 Mo. 564 ; *Long* v. *Constant*, 19 Mo. 320.

FRANK K. RYAN, for the respondents, cited : *Lansden* v. *McCarthy*, 45 Mo. 106 ; *Robson* v. *Drummond*, 2 Barn. & Adol. 303 ; *Stevens* v. *Berning*, 1 Kay & J. 168.

BAKEWELL, J., delivered the opinion of the court.

This cause was commenced before a justice. On trial anew in the Circuit Court, a jury was waived. Evidence was introduced to show that the defendants, on the 30th of May, 1879, bought of plaintiff fifty thousand pounds of bacon deliverable at seller's option during July, 1879, at $5.52½ per hundred pounds. This contract was made subject to the rules of the Merchants' Exchange. Under those rules, either party might call for margins as the market price varied. If the margins were not at once put up, the party

entitled to demand the deposit might close the contract before July 31st, and demand a settlement.

Plaintiff, on July 10, 1879, before he had exercised his option to deliver the bacon, failed in business, and on the same day he sold the contract to Bartle & Cochran, and at the same time gave them full power to fulfil the contract on his part, by an instrument constituting them his attorneys in fact for that purpose. This power was executed in furtherance of the assignment, and not to enable Bartle & Cochran to act as agents for plaintiff for his benefit. On July 16th, Bartle & Cochran, in the name of plaintiff, and ostensibly as his attorneys in fact, tendered the bacon to defendants. The market at that time was in their favor. Defendants refused to receive the meat, and this action is brought by Bartle & Cochran, in plaintiff's name, to recover damages for breach of the contract.

The trial court declared the law to be, that if plaintiff was not the owner of the meat offered to be delivered by Bartle & Cochran to defendants on the contract, and if plaintiff had no interest in the offer, and had, before the tender, sold and assigned the contract to Bartle and Cochran, there can be no recovery in the name of plaintiff in this action, in the absence of any evidence that Campbell & Cartan consented to the assignment of the contract; and the court declared that it found as a fact that there was no evidence of such consent to the assignment.

The finding and judgment were for defendants.

Executory contracts are not necessarily assignable, without the consent of the parties to the agreement. A contract such as the one in evidence is manifestly one in which the *delectus personæ* must be considered material. The contract must be supposed to be made with a view to the confidence reposed in each other by the contracting parties, and their belief on one side and the other in the responsibility of the opposite party, in his business qualities, and in his ability to perform the agreement on his part.

The contract, we think, was not assignable without consent. _Lansden_ v. _McCarthy_, 45 Mo. 106, seems to be directly in point. It follows that the judgment should be affirmed, and it is so ordered.

All the judges concur.