A. M. WORDEN, Appellant, v. CHICAGO & NORTHWESTERN RAILROAD
COMPANY, Appellee.

Executory Contracts: RESCINDED BY ASSIGNMENT FOR BENEFIT OF
CREDITORS.

*Appeal from Polk District Court.*—HON. CHARLES A. BISHOP, Judge.

THURSDAY, FEBRUARY 5, 1891.

ACTION for a breach of contract. The defendant's demurrer to the
petition being sustained, and the plaintiff electing to stand upon his
petition, judgment was entered dismissing the same, from which he
appeals.—*Affirmed.*

*A. A. Haskins,* for appellant.

*N. M. Hubbard, Jr.,* for appellee.

GIVEN, J.—The petition shows that the Polk County Coal Company
made an offer in writing to the purchasing agent of the defendant to
furnish from one to two cars of lump coal per day for one year from
July 1, 1888, at one dollar and fifty cents per ton at the mine, from a
certain vein, upon certain conditions that need not be named, which
offer was accepted. That on March 16, 1889, said coal company made a
general assignment for the benefit of its creditors; and on the twenty-
fourth of that month John B. Gibson purchased of the assignee the
property of said coal company, including the contract in suit. That
Gibson demanded of the defendant to take and pay for coal under the
contract, which it refused to do. That on October 21, 1889, the plain-
tiff, for valuable consideration, purchased of Gibson his claim for dam-
ages against the defendant by reason of such failure; and that the
profits to Gibson under the contract would have been twenty-five
hundred dollars. The demurrer is upon the ground that the facts
stated in the petition do not entitle the plaintiff to the relief asked, nor
to any relief, for the reason that the alleged contract between the
defendant and the Polk County Coal Company is not in law assignable,
and said attempted assignment is of no effect. The very able and
learned arguments of counsel, both oral and in print, and their
extended citations of authorities, show that there is a decided conflict
in the opinions of the courts upon this question. The question, how-
ever, is not an open one in this state. It was fully settled in *Rappleye
v. Seeder Co.,* 79 Iowa, 220, wherein all the arguments of appellant are
fully answered. In that case it is held that Young Bros., who held a
contract with defendant for the future sale and delivery of a certain
make of seeders, could not, by assignment for the benefit of their
creditors, compel the defendant to accept the assignee to perform the
contract instead of themselves.

Following that case, we think the judgment of the district court
should be AFFIRMED.