CHARLES M. RICE, APPELLANT, v. E. C. GIBBS, APPELLEE.

FILED APRIL 17, 1894. No. 4013.

1. **Contracts**: EQUITY: SPECIFIC PERFORMANCE. Courts of equity in the exercise of their jurisdiction to compel the specific performance of contracts, will generally enforce the contract only as it was made by the parties, and will not make a new contract or enforce the performance of an act upon conditions other than those agreed upon by the parties in the contract.

2. **Specific Performance**: OPTIONAL CONTRACTS. The assignee of an optional contract for the sale of land, the contract provid-

ing that payment of a portion of the purchase money shall be deferred, cannot substitute his own personal liability for that of the original vendee and compel a conveyance upon tender of his own notes for the deferred payments.

3. **Vendor and Vendee:** SPECIFIC PERFORMANCE: TENDER. In order to enforce a conveyance by a vendor under an optional contract of sale the vendee or owner of the contract must comply with, or tender compliance with, the terms of the contract. Therefore, where the contract was with A and provided for payments of $1,500 in cash, $1,000 in one year and $1,000 in two years from the date of the deed, and A assigned the contract to B, the depositing in a bank, with notice to the vendor, of C's check for $1,500, and the notes of D for the deferred payments, together with a mortgage upon the land securing them, and the draft of a deed conveying the land to D, was not a compliance with the terms of the contract, and specific performance was properly refused.

4. *Rice v. Gibbs,* 33 Neb., 460, overruled.

REHEARING of case reported in 33 Neb., 460.

*Marston & Nevius* and *T. M. Stuart,* for appellant.

*Calkins & Pratt, contra.*

IRVINE, C.

This was an action for the specific performance of a contract for the sale of land. The action was brought by an assignee of the vendee in the contract, relied upon. Upon a consideration of the case this court reached the conclusion that the decree of the district court dismissing the case was erroneous, reversed that decree, and ordered a decree in accordance with the prayer of the petition. Subsequently a rehearing was allowed. The former opinion is found in 33 Neb., 460, where the pleadings and decree are set out, and where the general question of the assignability of contracts for the sale of land in the nature of options is discussed at length.

Upon a reconsideration of the case we are satisfied that upon the former hearing the opinion was based upon too

broad a question and that the questions which should control the decision were not there considered. If the former opinion be consulted, it will be found that among the conditions of the contract relied upon, which was entered into by the defendant Gibbs as vendor and one Archibald as vendee, were these: That within the time limited by the contract the vendee should declare his option to take the property, and that a conveyance should be made to him upon the vendor's being requested in writing; that $1,500 in cash should be paid upon execution of the deed, $1,000 in one year and $1,000 in two years from the date of the deed, with interest at ten per cent on deferred payments. The contract concluded with the following sentence: "It is mutually agreed that all the covenants and agreements herein contained shall extend to and be obligatory upon the heirs, executors, administrators, and assigns of the respective parties hereto." The precise point in the construction of this contract is not whether it is in its nature assignable so that, its conditions being performed, an assignee might enforce it, but whether or not the plaintiff in this case as assignee did perform or tender a performance of those conditions. In the enforcement specifically of contracts courts of equity usually undertake simply to enforce the contract as made by the parties, not to compel the performance of acts upon other conditions than those agreed upon by the parties. If the contract in this case had provided for a payment of the entire purchase price in cash upon the execution of the deed, we would have no doubt that the assignee might, upon tender of the purchase money, compel the execution of the deed to him. But the contract did not contemplate such a payment. It expressly provided that $1,000 should be paid in one year and $1,000 in two years after the date of the deed, without providing in what manner, if at all, these deferred payments should be secured.

In *Arkansas Smelting Co. v. Belden Mining Co.*, 127 U. S., 379, it was said: "Everyone has a right to select and

determine with whom he will contract, and cannot have another person thrust upon him without his consent. In the familiar phrase of Lord Denman, 'You have the right to the benefit you anticipate from the character, credit, and substance of the party with whom you contract.'" In that case the following language in Pollock on Contracts was quoted with approval: "Rights arising out of contract cannot be transferred if they are coupled with liabilities or if they involve a relation of personal confidence such that the party whose agreement conferred those rights must have intended them to be exercised only by him in whom he actually confided." Many of the cases cited in the former opinion reflect this same principle, and, indeed, it is not too broad a statement to say that the rule has been recognized in every case where the question has been discussed.

In *Wagner v. Cheney*, 16 Neb., 202, specific performance was enforced in favor of an assignee under somewhat similar circumstances, the defense there being that the contract forbade the assignment without the assent of the vendor; but it appears from the opinion in that case that the vendor held the notes of the original vendee, so that, in enforcing the contract, the personal liability which the vendor had a right to rely upon was not lost to him. So in this case, if the plaintiff had tendered the cash payment and the personal obligations of Archibald, the contract would have been substantially complied with and perhaps specific performance might have been enforced; but he did not do so. He did not even tender his own notes. The transaction was as follows: The plaintiff having an assignment of the option and being in New York, not intending to return until after the option would expire, he instructed Mr. Frank to act for him in the premises and "do whatever was necessary." Mr. Frank returns to Kearney, procures Mr. Scoutt, an entire stranger to the transaction, to make his notes and mortgage to secure the same, then draws a deed

from Miss Gibbs' execution conveying the land to Scoutt, and then procures Mr. Elmendorf to make the tender to Miss Gibbs of these papers, together with Mr. Frank's check for $1,500, and Elmendorf does not even make this kind of a tender. Miss Gibbs seems to have declined an interview with him, whereupon Mr. Frank addressed her a letter stating that he and Mr. Elmendorf had been at her residence and other places named with $1,500 and the two notes and the mortgage and deed, and that she would find the papers at the Kearney National Bank to be delivered to her upon the execution of the deed. No other request in writing and no other tender was made to her. These acts in several respects fail to comply with the conditions of the contract. There had been no election by Archibald to take the property and no action on his part to obligate him for the deferred payments. No notes or other obligations of Archibald had been tendered. In a contract of sale, where payment of a portion of the purchase money is deferred and there is no provision for securing such payment, it is a necessary inference that the character and solvency of the vendee was an inducement to the contract, and the contract cannot be assigned so as to permit the assignee to enforce it and compel the vendor to substitute the obligation of any other person for the obligation of the one with whom the contract was made. Aside from this fatal departure from the contract, the plaintiff failed to tender the cash payment. Nothing was offered the defendant in person. She was merely informed by the letter of a third person that the check of that third person was at a bank for her acceptance upon the execution of the deed. Still further, she was asked to accept as security for the deferred payments the notes of still another stranger, neither the assignee of the contract nor the agent of the assignee, nor any person connected therewith, and the deed that she was called upon to execute was not a deed to the vendee, to his assignee, to his agent, but to a total stranger to the transaction.

Further discussion is unnecessary. The finding of the trial court contained in the second paragraph of the decree quoted in the former opinion was not only sustained by the evidence, but was the only finding which the evidence would sustain. The former judgment of this court is overruled and the judgment of the district court is

AFFIRMED.