Sherwood, J.
Where, as here, an executory contract is made between two parties, and one of them consists of two persons composing a partnership, and one of those persons withdraws from the firm which is thereby dissolved, it belongs to the party who contracted with the firm to say whether the contract, which, as in this case, rested as it appears, on grounds of personal trust and confidence, to say whether the contract shall proceed or not to completion. In short, whether the other contractor would recognize and ratify a substituted, in lieu of the original, agreement.
Here the plows were to be placed in the custody of both Hardy & Mason, to whom a credit was to be given, and certain discount advantages afforded, and it is not to be taken for granted that because defendant was willing to enter into a contract with Hardy & Mason, that therefore it was willing to stand to the contract after Mason had withdrawn therefrom, since but for *231 Mason’s being in the firm and remaining in the firm, defendant might have been unwilling to have trusted its implements to Hardy alone, but whether willing or unwilling, it suffices to say that this was not done. A party can not be forced to accept of a contract not of his own choosing in the first instance, and his right of choice in this regard is not impaired by any substituted agreement to which he does not yield an intelligent subsequent assent.
This precise point was thus ruled in Landsden v. McCarthy, 45 Mo. 106, where the case of Robson v. Drummond, 2 Barn. & Ad. 303, was followed. There, Sharpe, a coaehmaker, agreed to furnish Drummond a chariot for the term of five years at so much per annum, payable yearly in advance. CAt the end of three years, Sharpe assigned his contract to his secret partner, ^Robson, the partnership being unknown to Drummond, who refused to continue the contract with Robson. Thereupon action was brought in the name of Robson & Sharpe to recover the stipulated price for the unpaid portion of the term, and it was ruled the action could not be maintained. On these facts being developed, Littledale, J., said: “ I think this contract was personal, and that Sharpe having gone out of the business, it was competent to the defendant to consider the agreement at an end. He may have been induced to enter into the contract by reason of the confidence he reposed in Sharpe.” And, Loud Tenteeden, O. J., observed: “Now the defendant may have been induced to enter into this contract by reason of' the personal confidence which he reposed in Sharpe, and therefore have agreed to pay- money in advance.”
This principle of jurisprudence, finds abundant support in the authorities as appears from the cases cited by counsel for defendant. Boykin v. Campbell, 9 Mo. App. 495; Redheffer v. Leathe, 15 Mo. App. 12; *232 Worden v. Railroad, 48 N. W. Rep. 71; Boston Ice Co. v. Potter, 123 Mass. 28; Pettibone v. Railroad, 1 L. R. A. 787; Rappleye v. Racine Seeder Co., 7 L. R. A. 139.
■ The case of Leahy v. Dugdale’s Adm’r, 27 Mo. 437, is not at all in point, because there, JDugdale, the original contractor with the Central Plank Road Company, sublet his contract to O’Leary & Neenan, who performed about half of the work, and then sublet the residue of the work to Leahy and Neenan and^also assigned to them the money and debts düéffóña Dug-dale to them O’Leary & Neenan. Leahy & Neenan finished the work. Dudgale received notice of the second assignment, and ratified it^.ánd the company accepted work and paid Dudgale who accepted pay for the whole work; and therefore it was very properly held that Dugdale’s estate could not escape payment to the second subcontractors.
No more is City of St. Louis to use v. Clemens, 42 Mo. 69, in point, because there, “the city did not object to the assignment of the contract, nor to the work as done, but recognized the plaintiffs as assignee and the person entitled to receive the tax bills.” And a similar line of remark as to inapplicability applies to other cases cited for plaintiffs.
We need not discuss whether or not Mason would continue liable to defendant for the faithful performance of his contract after dissolution of his firm. That is not in issue here. .-The only issue is that before stated, whether the defendant company was bound by a contract which had been assigned without its consent.
It has been urged that in any event defendant company is estopped from repudiating the contract for the reason that it recognized it as still existing after the dissolution of the firm, by requesting plaintiff to advertise that on arid after February 1, 1893, he •would be able.to furnish the plows, etc., called for in *233 the contract; but there is no allegation in the petition that defendant requested plaintiff to advertise its goods after the dissolution of the firm, or after notice, oí the same. Clearly there could be no ratification of the assignment of the contract without knowledge of the dissolution, and without knowledge of the assignment after knowledge of the dissolution. Boston Ice Co. v. Potter, 123 Mass. 28; Webb v. Allington, 27 Mo. App. 559; First Nat. Bk. v. Gay, 63 Mo. loc. cit. 39.
For these reasons we affirm the judgment.
All concur.