Linn County Abstract Co. v. N. K. Beechley, Appellant.

**Contracts:** RESTRAINT OF TRADE. The mere clerical work of copying
1  abstracts, without extension or certification, is not a violation of an
   agreement to abstain from engaging in the abstract business.

**Same.** The extension of an abstract by one who has a personal interest
2  in the property is not a violation of an agreement not to engage
   in the business, nor will the purchase of abstracts from another

though at reduced rates create a partnership relation in the business violative of such an agreement.

**Abstracting:** ASSIGNMENT OF CONTRACT. The business of abstracting requires special skill and ability, and contracts for the services of an abstracter are not assignable without the consent of the party for whom the service is to be performed.

*Appeal from Linn District Court.*— HON. WM. G. THOMPSON, Judge.

### TUESDAY, MAY 10, 1904.

ACTION to restrain defendant from engaging in the abstract business, and to require him to turn orders for abstracts received by him over to the plaintiff. Decree as prayed, from which the defendant appeals.— *Reversed.*

*Heins & Heins,* for appellant.

*Crissman & Sargent,* for appellee.

LADD, J.— On April 12, 1899, the defendant, N. K. Beechley, sold his interest in certain co-partnership and other property, including some shares in the Linn County Abstract Company, to his partners, E. W. Virden and T. B. Bolton. The contract was evidenced in writing, and, aside from the recitals concerning the property to be transferred in equal parts to the purchasers, and the money to be paid, and the manner of its payment, it stipulated " that the first party shall not enter into the making and selling of the abstracts in and for the county of Linn and State of Iowa, at any time or place within the next seven years, either in person or indirectly by or through or in connection whatsoever with any third party, firm or corporation. He also agrees to join in any proper announcement, to be made by circular letter or in the newspapers, announcing the sale and transfer of the said business to the second parties, and also to give to the second parties the benefit of his acquaintance and influence and

friendly recommendations in and throughout the said county of Linn; also to permit to the second parties the use of his name in connection of the said business to be conducted by them in the making and selling of abstracts in the future in such manner as may be for their best interests and as they may determine, not, however, to the prejudice of the interests of the said first party, and not in such a manner as to obligate the said first party for any bills or expense incurred by them. * * * It is expressly understood that the first party shall turn over to the second party all orders for abstracts coming to him in person or by mail to be filled by them. * * * It is a further consideration of this purchase that the second parties shall continue the abstract business in the city of Cedar Rapids, and shall extend to the first party on their books a credit in the sum of three hundred and seventy-five dollars ($375.00) to be allowed him for abstracts desired and ordered by him for his own individual business as he may need and order the same from time to time in the future." On the 13th day of April the purchasers entered into partnership, and, under the firm name of Virden & Bolton, conducted the business until January 18, 1901, when the property and business was disposed of to the Linn County Abstract Company, in which the members took stock as individuals, and the partnership was dissolved. By August, 1901, they had transferred all their stock to others. The contract with Beechley was indorsed: "All rights under this contract are hereby assigned by said firm and individuals to Linn County Abstract Company. E. W. Virden, F. B. Bolton. Virden & Bolton."

The evidence failed to show that the defendant had engaged in the abstract business since the sale to Virden & Bolton. True, he had copied some abstracts for Van Vecten, which had been certified by him before the sale, and included the certificate in the copies. But any one else might have done the same. The mere clerical work of making a copy, which he declined to certify

1. CONTRACTS: restraint of trade.

or extend, was not engaging in the business of an abstracter.

Besides this, he is shown to have extended an abstract of property in which he had an interest, and to have obtained several others of one Steams, to use in real estate deals in which he was personally interested. Even if Steams sold these at half price to him, or "divided the fees," this alone did not constitute him a partner in Steams' business. Otherwise nothing had been done in the way of abstract making since the execution of the contract. There was no occasion, then, for enjoining him from re-engaging in the business. It may be that he failed to turn over to plaintiff orders for abstracts received by him, but we do not think he was required to do so.

2. SAME.

For efficient work as an abstracter, special skill and ability, with a thorough knowledge of real estate law, are essential. *Dodd v. Williams,* 3 Mo. App. 278; *Banker v. Caldwell,* 3 Minn. 94 (Gil. 46). In the employment of an abstracter, a high degree of trust and confidence is reposed. *Vallette v. Tedens,* 122 Ill. 607 (14 N. E. Rep. 52, 3 Am. St. Rep. 502). And it is well settled that engagements for personal services requiring skill, science, and peculiar qualifications are not assignable. *Devlin v. Mayor,* 63 N. Y. 8. One whose undertaking exacts special skill and knowledge, and who is employed by reason of the trust and confidence reposed in him personally, will not be permitted to substitute another in his stead, without the consent of him by whom he has been engaged. *Sloan v. Williams,* 138 Ill. 43 (27 N. E. Rep. 531, 12 L. R. A. 496). *Burger v. Rice,* 3 Ind. 125; *Hardy Imp. Co. v. South Bend Ironworks,* 129 Mo. 222 (31 S. W. Rep. 599); *Devlin v. Mayor,* 63 N. Y. 8; *Bethlehem v. Annis,* 40 N. H. 34 (77 Am. Dec. 700). See cases collected in 2 Am. & Eng. Ency. of Law, 1037; 4 Cyc. 22. Apparently the parties, in preparing this contract, appreciated these propositions, as, in consideration of what Beechley promised, the purchasers stipulated to " continue the abstract business

3. ABSTRACTING: assignment of contract.

in the city of Cedar Rapids." It is said the time during which they were to do so is not fixed. Neither is that for which Beechley was to turn over abstracts. The fair inference, however, is that the time contemplated is the period defendant agreed to remain out of business. When Virden & Bolton discontinued the abstract business in Cedar Rapids, the consideration for their exclusive employment by Beechley failed, and the plaintiff took nothing by the assignment.— REVERSED.