GARDNER T. SWARTS *vs.* NARRAGANSETT ELECTRIC LIGHTING COMPANY.

PROVIDENCE—SEPTEMBER 26, 1904.

PRESENT: Stiness, C. J., Tillinghast and Dubois, JJ.

(1) *Contracts. Assignable or not Assignable.*

Where there is no restriction expressed in the contract, the fact of its being assignable depends upon whether the personal service or liability of either of the contracting parties is required, and this may appear from the implied intention of the parties upon a construction of the contract.

(2) *Contracts. Release.*

An agreement by which all rights of parties under a contract to each other should cease and determine is broad enough to include all rights of action growing out of such contract, thus amounting to a release.

COVENANT. Heard on demurrer to pleas, and demurrer overruled.

STINESS, C. J. The plaintiff, who sues for the benefit of

and as trustee for Gannett, had a written agreement, under seal, with the defendant, by which the latter agreed to furnish a certain amount of electric installation. The suit is in covenant, alleging that the defendant failed to perform its contract in this respect.

The defendant pleads that the plaintiff is a man highly skilled in the work of installing electric apparatus; and that it never consented to the transfer of the contract by the plaintiff, but bargained and contracted for his skill, care, and intelligence, and that the contract was not assignable to Gannett.

To this plea the plaintiff demurs.

The question raised by the several grounds of demurrer is whether the contract was assignable.

The plaintiff states the general rule correctly and concisely, that a contract can not be assigned when its terms forbid an assignment, or when there is an implied intention that personal service is required by the contract. He claims that this contract is not within either of these classes.

The contract does not stipulate that it shall not be assigned.

The question, therefore, is whether it is of such a character that it could not have been assigned, on the ground that it contemplated the personal service of Swarts, the contracting party, in whose name the action is brought.

It is undoubtedly true, as stated in *Boston Ice Co.* v. *Potter*, 123 Mass. 28: "A party has a right to select and determine with whom he will contract, and can not have another person thrust upon him without his consent;" but the application of the rule in that case to a defendant who had received and used ice, furnished by the assignee, may be open to question. It is, however, a very just and proper rule in many cases. For example, in the building of a house, the contract may have been made with a builder because of his known skill, honesty, and solvency. It would be quite unjust to a party to be bound to an assignee, with whom, possibly, he would not have made a contract in the first instance, simply because it had not occurred to him to mention in the contract that it could not be assigned. One of the typical cases of personal service is that of an artist in painting a portrait or a picture. Such a

contract has always been held to imply personal service, and so not assignable. The same construction may apply to other contracts, where the personal element may be as real, though less apparent.

(1)    In the present case the court is unable to say, as a matter of law to what extent the personal service of Dr. Swarts may have been important. The construction and installation of electric lamps is not a matter of such common knowledge that the court can say how far it should, or should not, be held to call for personal service, but apparently the contract implies it. Electricity is not only a subtle but also a dangerous element, and it would seem to call for a high degree of personal skill and intelligence. It is easy to see that personal service or liability might be a factor in electrical work, and upon such a possibility contracts have been held to be non-assignable.

In *Arkansas* v. *Belden*, 127 U. S. 379, a mining company agreed to sell ore to a firm, to be paid for upon assay. The firm assigned the contract, but the court held that a contracting party could not be compelled to accept the liability of any other person or corporation as a substitute for the liability of those with whom it had contracted.

In *Delaware* v. *Diebold*, 133 U. S. 473, it was held that an assignment, though notified to the commissioners who made the contract, if not assented to by them, did not render them liable to the assignee, or prevent them from making a settlement in good faith with the original contractors.

In *Lansden* v. *McCarthy*, 45 Mo. 106, the rule is stated that where a contract may have been founded in personal trust and confidence, the assignee can not recover upon it without the consent of the other contracting party. *Hardy* v. *Iron Works*, 129 Mo. 222, followed the foregoing case to the extent of holding that a contract with a firm did not go to the remaining partner when one had retired; upon the ground that, while the other contracting party may have been willing to trust the firm, he may not have been willing to trust the single partner. See also *Boykin* v. *Campbell*, 9 Mo. App. 495.

One of the earliest cases in this country upon this point was *Shultz* v. *Johnson*, 5 B. Mon. 497, where a contract for hemp,

of one's own raising, was held to be personal and not assignable. It held that the restriction need not be expressed in the contract, but that it may appear from the implied intention of the parties. Following this rule the subsequent cases have depended chiefly upon the point whether personal service or liability was intended by the contract. Thus in *Sears* v. *Conover*, 34 Barb. 330, a contract for the sale of potatoes to be paid for on delivery was held to be assignable. So also in *LaRue* v. *Groezinger*, 84 Cal. 281, as to a crop of grapes, where the standard of the contract was not the culture by one of the parties, but the percentage of saccharine matter in the grapes. *Taylor* v. *Palmer*, 31 Cal. 240, held that a building contract could be assigned where others than builders were allowed to bid for it. *Philadelphia* v. *Lockhardt*, 73 Pa. St. 211, held that a building contract could be assigned when it was secured by an approved bond.

These cases sufficiently illustrate the differences and the rules applying to them.

In this case the contract seems to us to imply a personal service, not only from the nature of the work to be done, but also by its terms, which are: "The construction work of said circuits to be done by said party of the first part under the supervision and at the expense of said party of the second part;" also, "The work of installing all lamps and conductors and the making of all connections in and upon said circuits in which the current of the party of the first part is used shall be done by the party of the first part."

We are, therefore, of opinion that the demurrers to the plea should be overruled.

(2)     The defendant also pleads a second agreement, under seal, made after the former contract had expired according to its terms, reciting: "Whereas said contract" (the former contract) "was terminated by the giving of a notice by the Narragansett Electric Lighting Company to said Gardner T. Swarts, . . . . and whereas there exists certain electric lighting business heretofore carried on by the said Gardner T. Swarts, . . . . for which it is desirable that provision be made, . . . . It is mutually understood and agreed by and

between the parties hereto that in consequence of the notice heretofore given by the said Narragansett Electric Lighting Company, dated on the 25th day of July, A. D. 1901, and terminating the contract of October 15, A. D. 1889, that said contract  .  .  .  is abrogated and terminated and that all rights of the parties in and under said contract to each other cease and terminate on the said first day of November, A. D. 1901." The plaintiff demurs to this plea.

We think that an agreement, by which all rights of parties under a contract to each should cease and determine, is broad enough to include all rights of action growing out of such contract, thus amounting to a release.

Demurrer overruled and case remitted.

*Van Slyck & Mumford,* for plaintiff.
*Edward D. Bassett,* for defendant.