(48 Misc. Rep. 546)

JETTER et al. v. SCOLLAN.

(Supreme Court, Appellate Term. November 24, 1905.)

1. ASSIGNMENTS—CONTRACT—ASSIGNABILITY.

A contract which binds a lessee of a liquor store to buy from the lessor exclusively during the term of the lease certain kinds of beer manufactured by it, is not assignable by the lessor.

2. SAME.

The covenants in a lease of a liquor store were binding on the parties and their legal representatives. A contract which formed a "part and parcel" of the lease bound the lessee to buy from the lessor during the term of the lease certain kinds of beer manufactured by it. *Held*, that the contract was not assignable; the clause making the covenants in the lease binding on the parties and their legal representatives being applicable only to the lease proper.

Appeal from City Court of New York.

Action by George J. Jetter and another, doing business under the name of the Jetter Brewing Company, against John Scollan. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

Moses Weinman and Albert W. Venino, for appellant.
Thomas E. Rush, for respondents.

SCOTT, P. J.   On January 30, 1903, the defendant leased from the John Kress Brewing Company, a corporation, certain premises in this city, to be used as and for a hotel and liquor store.   They entered into a written lease for the period of 3 years, 11 months, and 28 days at a specified yearly rental.   The lease was in the usual form and provided that the covenants and agreements contained in the lease were to be binding on the parties thereto and their legal representatives.   Simultaneously the same parties entered into a separate agreement, which recited the lease and declared that the second agreement should form a part and parcel thereof; that the brewing company had invested a considerable sum in the fixtures of the leased property, and had maintained said investment and continued the same for the purpose of the business to be conducted by Scollan; and that the said company should recover and recoup itself in the amount invested, so far as possible out of the business to be done with said Scollan, or his successor or assign, acceptable to the said brewing company.   Scollan thereupon, in consideration of the lease to him and of one dollar, agrees—

"To purchase from said company exclusively all beers sold, disposed of, consumed, or given away in said premises, brewed, sold, and delivered to him by said the John Kress Brewing Company, for and during the full term of said lease mentioned, to wit, Wiener Beer and the Kress 'Special Brew.'"

He further agreed to pay for all beers sold and delivered to him, in default whereof the amount should be added to the rent.   It was further provided that if, during the term of said lease, the said Scollan should fail to purchase beers from said company—

"Then shall be added to the rental coming due the first of the month next ensuing such default one hundred dollars, as liquidated damages to said party of the first part (the company), hereby agreed upon between the two parties, and not as penalty; and such additional rental of one hundred dollars shall be paid monthly to the party of the first part during the continuation of said default by the party of the second part, which additional rent said party of the second part [Scollan], in addition to the rent hereinbefore specified, hereby covenants to pay to the party of the first part."

Thereafter, and prior to April 1, 1905, the John Kress Brewing Company was adjudged a bankrupt, and a trustee in bankruptcy was duly elected and qualified.   Thereafter by order of the United States District Court the trustee in bankruptcy sold to plaintiffs all the assets of the John Kress Brewing Company, including the lease and agreement with defendant hereinbefore referred to.   The plaintiffs, under the name of the Jetter Brewing Company, have carried on the business of brewing and selling beer, using for that purpose the plant acquired from the trustee in bankruptcy of the John Kress Brewing Company, and formerly used by that company, and they brew and sell with said plant certain beers which they designate by the names of "Wiener Beer" and "Kress Special Brew."   The John Kress Brewing Company, since its bankruptcy, has ceased to brew and sell beer.   The defendant was

not consulted with regard to, nor did he consent or acquiesce in, the transfer and assignment to plaintiffs of his lease from and agreement with the John Kress Brewing Company. On April 1, 1905, the plaintiffs tendered to defendant beer brewed by them, which he refused to receive, and since that date he has not only refused to purchase beer from plaintiffs, but has purchased it, for the purposes of his business, from other persons. This action is for the sum of $485, of which $385 is for rent for the month of April, 1905, at the annual rental reserved by the lease, and $100 is for "liquidated damages" for the refusal of defendant to purchase beer from plaintiffs during the month of April. The defendant has paid, or tendered, the $385, and the present controversy concerns the claim of $100 liquidated damages.

Assuming, without deciding, that the agreement to purchase beer, although unilateral and containing no obligation to sell beer by the brewing company and no agreement as to price, was valid and enforceable aganst defendant by the John Kress Brewing Company so long as it continued to brew and sell beer, the question arises whether said contract is in its nature assignable by the brewing company, without the consent or acquiesence of defendant, so as to continue defendant's obligation to the assignee. The assignability of a contract in general depends upon its nature and the character of the obligation assumed, and when the contract is one for services, or the delivery of manufactured goods, requiring skill, science, or peculiar qualification, the contract will not be held to be assignable without the consent of the party sought to be held thereby. The rule is thus stated in Pollock on Contracts (4th Ed.) 425, cited in N. Y. Bank Note Co. v. Hamilton Bank Note Co., 28 App. Div. 411–420, 50 N. Y. Supp. 1093, 1099:

"Rights arising out of a contract cannot be transferred * * * if they involve a relation of personal confidence such that the party whose agreement conferred those rights must have intended them to be exercised only by him in whom he actually confided."

And the authorities are unanimous that a contract is not assignable when it involves reliance upon personal credit, confidence, or skill. Tested by this rule, we are of opinion that the agreement whereby the defendant undertook to buy beer only from the John Kress Brewing Company was in its nature unassignable without defendant's consent. The beer to be bought was that brewed by the John Kress Brewing Company, and it requires no argument to show that brewing beer is a matter of skill and experience. It is not like the production of a staple article of manufacture, the quality and nature of which is apparent upon inspection or after comparatively simple tests. From the very nature of the article it is evident that there must be a great difference in the quality of beer produced by different brewers. It may well be that defendant was induced to contract with the Kress Company because he knew, from experience, that he could rely upon receiving a certain quality of beer from them. He could not so rely upon strangers, and cannot be compelled, against his will, to do so. That the plaintiffs have adopted, as descriptive of the beer brewed by them, the names formerly used by the Kress Company, carries no assurance of similarity of quality. In another particular the defendant placed him-

self, in a most unusual way, in the hands of the Kress Company.   He not only agreed to buy all his beer from them, but he made no stipulation whatever as to the price to be paid, thus leaving it to them to fix any price they might choose.   He may have had sufficient confidence in their fairness to be willing to leave this important matter to their discretion, but it cannot be assumed that he would be willing to place such confidence in a stranger.

The test above stated as the one which determines the question of the assignability of a contract is peculiarly applicable in a case like the present, where the contract is for goods to be made by a particular manufacturer; for the buyer under such a contract is to be presumed to have made his contract in reliance upon the reputation or known skill of the manufacturer with whom he deals.   Johnson v. Raylton, 7 Q. B. Div. 438.   The very case relied upon in the court below to warrant a judgment in plaintiffs' favor (Walton v. Rafel, 7 Misc. Rep. 663, 28 N. Y. Supp. 10) although perhaps a border line case upon the facts presented, recognizes the principle which we deem to be applicable to the present case.   Its decision that the contract in question was assignable was distinctly put upon the ground that it involved no element of personal trust and confidence in the assignors, and that nothing was said in it of their personal qualifications, nor their repute in the community, nor of any circumstance that would distinctly commend them to the confidence of the other party to the contract.   The contract, being unassignable in its nature, was not made assignable by the agreement in the lease that the covenants and agreements therein contained are to be binding on the parties thereto and their legal representatives. That clause, by every fair and reasonable intendment, applied only to the lease proper, and not to the accompanying paper, notwithstanding the latter was described as "part and parcel" of the lease.   It follows that the judgment must be reversed.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.   All concur.