## NELSON ET AL. *v.* REIDELBACH, EXECUTOR.

### [No. 9,709. Filed June 6, 1918.]

1. APPEAL.—*Assignments of Error.—Waiver.*—Assignments of error relating to the sufficiency of a complaint, and to the ruling on a motion for new trial, are waived by the failure to state any propositions or points relative thereto. pp. 25, 30.

2. APPEAL.—*Assignments of Error.—Preservation of Grounds.*—A complaint may not be attacked for insufficiency of facts by direct assignment of error on appeal, in view of Acts 1911 p. 415, §348 Burns 1914. p. 25.

3. MORTGAGES.—*Foreclosure.—Agreement to Postpone Action.—Breach.*—Where a mortgagee, pending foreclosure proceedings, made an agreement to postpone the action until the mortgagor paid off certain liens, to take a new mortgage and then to dismiss the action, the mortgagee's refusal to carry out the agreement as to the taking of the new mortgage and the dismissal of the action, after the mortgagor had paid off the liens mentioned in the agreement, was not a proper matter for a plea in abatement in the foreclosure action. p. 26.

4. ASSIGNMENTS.—*Contracts.—Personal Confidence.*—An answer in a foreclosure action that the mortgagee had agreed to dismiss the action upon the satisfaction of certain liens by the mortgagor, and that the agreement had been assigned to the defendant, was demurrable, in view of the rule that rights arising out of a contract cannot be transferred if they are coupled with liabilities, or if they involve a relation of personal confidence, such that the party conferring the rights intended that they should be exercised only by the party in whom the confidence was placed. p. 27.

5. APPEAL.—*Record.—Conclusiveness.*—The appellant's contention that his cross-complaint stands unchallenged because no demurrer was ever filed thereto is of no avail on appeal where a recital in the transcript shows that a demurrer was filed and sustained, even though the demurrer is not shown, since such recital must be accepted as true. p. 28.

6. APPEAL.—*Review.—Demurrer.*—The court on appeal may look beyond the memorandum filed with a demurrer, as required by Acts 1911 p. 415, §344 Burns 1914, to uphold the ruling of the trial court in sustaining the demurrer. p. 28.

7. APPEAL.—*Review.—Presumptions.*—In the absence of an affirmative showing of error, the court on appeal may indulge a

presumption in favor of the correctness of the rulings of the trial court. p. 29.

From Cass Circuit Court; *James P. Wason,* Judge.

Action by Louis Reidelbach and others against James Nelson and others. From a judgment for the plaintiffs, the defendants appeal. *Affirmed.*

*Palmer & Carr, McConnell, Jenkines & Jenkines,* for appellants.

*Joseph M. Rabb, M. F. Mahoney, M. L. Fansler* and *Sills & Sills* for appellees.

BATMAN, J.—This action was commenced by Edward Weaver against appellants Nelson and Nelson and others. Appellant Ferguson was afterwards made a party defendant. Edward Weaver subsequently died, and appellee was substituted as plaintiff in his stead. The cause was tried on an amended complaint in two paragraphs. By the first paragraph appellee sought a judgment on a certain note of $2,500, executed by appellants Nelson and Nelson, and a decree foreclosing a mortgage on certain real estate given to secure the same. By the second paragraph appellee sought a judgment on a certain note of $400, executed by appellant James Nelson, and a decree foreclosing a purchase-money lien therefor on the same real estate. Each paragraph alleged that appellant John H. Ferguson was claiming an interest in said real estate; that his interest, if any, was inferior and subordinate to appellee's said liens; and that said appellant was made a defendant to answer as to any interest he had therein. A demurrer was filed to this complaint, and afterwards overruled, but the demurrer itself is not shown in the transcript. Appellants Nelson and Nelson filed an answer in

abatement to which a demurrer was sustained. They subsequently filed an amended answer in abatement, in which they alleged in substance that during the life of appellee's decedent, while this action was pending in his name, said decedent and appellant James Nelson, acting for himself and his wife, entered into the following written agreement:

"This agreement made and entered into by Edward Weaver, of Winamac, Indiana, and James Nelson of Monticello, Indiana, this 5th day of September, 1914, witnesseth,

"That, whereas, the said Edward Weaver has commenced proceedings of foreclosure of a mortgage and action for $400.00 in money as against said James Nelson et al in the White Circuit Court of Indiana, and is there pending for action in the September Term of said court. Now, therefore, the said Edward Weaver, in consideration of the acts and performances on the part of the said Nelson, hereinafter set forth, said Weaver does hereby agree to defer and postpone further action upon said foreclosure procedure and said suit for $400.00 until said Nelson shall have paid to one J. D. Timmons, a sum of money in satisfaction of a tax lien, and pay to George Connell a sum of money in satisfaction of a sheriff's sale, all of which is a lien upon said real estate described in said foreclosure.

"Said Weaver does hereby agree that when said Nelson shall have satisfied said J. D. Timmons and George Connell and said liens held by them released, that he, Weaver, shall accept, and said Nelson hereby agrees to execute to said Weaver, a new mortgage on said real estate

named in said foreclosure proceedings. Said mortgage to be in the amount of the principal of the amount of the mortgage now held by him plus the $400.00 evidenced by a promissory note held by said Weaver, said mortgage to extend to the time when said original mortgage extended and at the rate of interest therein named. When said new mortgage is so executed said Weaver shall dismiss such proceedings now pending in relation to said real estate herein involved.

"In witness whereof the parties hereunto have set their hands and seals the date and year above mentioned.

"Edward Weaver,
"James Nelson."

It is further alleged that appellants Nelson and Nelson had paid said Timmons the full amount of his said tax lien, and secured the cancellation thereof; that they had paid the said Connell the amount required to fully satisfy his sheriff's certificate, and had secured the surrender and cancellation of the same; that they had executed and tendered to appellee a new mortgage on the real estate named in said agreement, according to the provisions thereof, for the amount provided therein and had performed all the things by them to be performed by the terms thereof; that appellee refused to accept said mortgage and notified them that he would accept nothing less than the payment of the full amount due upon the two promissory notes in suit, and that it was not necessary to make, and he would not require, a formal tender of said new mortgage or the interest due on said indebtedness. To this answer in abatement appellee filed a demurrer for want of facts, which was sustained.

On January 12, 1916, appellant Ferguson filed an answer in abatement, which contained substantially the same averments as the answer in abatement of appellants Nelson and Nelson with reference to the pendency of this action in the name of appellee's decedent and the execution of the contract set out therein, between said James Nelson, on behalf of himself and wife, and appellee's decedent. It is then alleged that after the execution of said agreement, to wit, on January 23, 1915, the said Nelson and Nelson, who are husband and wife, conveyed said mortgaged real estate to him for a valuable consideration by general warranty deed, subject to all the incumbrances on the same, and put him in possession thereof and that since said date he has been, and now is, the *bona fide* owner of the same in fee simple; that at the time the said Nelson and Nelson conveyed said real estate to him, they executed to him for a valuable consideration the following written assignment of said contract:

"For value received I hereby assign the within contract and all my rights thereto to John H. Ferguson. Dated this 23rd day of January, 1915.
"James Nelson."

It is further alleged that he had paid said Timmons the full amount of his said tax lien, and had secured the cancellation thereof; that he had paid the said Connell the amount required to fully satisfy his sheriff's certificate, and had secured the surrender and cancellation of the same; that he had executed and tendered to appellee a new mortgage on the real estate named in said agreement, according to the provisions thereof, for the amount provided therein, and

he and appellants Nelson and Nelson have done and performed each and all of the requirements of said agreement on their part to be performed; that appellee refused to accept said mortgage, and notified him that he would accept nothing less than the payment of the full amount due upon the two notes in suit and that it was not necessary to make, and he would not require, a formal tender of said new mortgage or the interest due on said indebtedness; that he (Ferguson) was worth, over and above all debts and liabilities, in property subject to execution at the time said contract was executed, more than the sum of $20,000. On February 1, 1916, a demurrer was filed to this answer, and afterwards sustained, but the demurrer itself is not shown in the transcript.

On April 3, 1916, appellant Ferguson filed an answer to appellee's complaint in three paragraphs, the first being a general denial and the second a plea of payment. The third is in all material respects the same as his answer in abatement, with the additional averment that he now brings into court the said new mortgage and the accrued interest on the notes in suit for the use and benefit of appellee, and that by reason of the facts alleged appellee's rights under the notes and mortgage in suit have been compromised and settled, and this cause should be dismissed. Appellee filed a demurrer to said third paragraph of answer, which does not appear to have been ruled upon. Appellant Ferguson subsequently filed a fourth paragraph of answer in which he alleged that he purchased the real estate described in the second paragraph of complaint and paid a valuable consideration therefor, without any knowledge or notice at the time of the purchase and conveyance to him of the

outstanding promissory note of his coappellants in the sum of $500.

On April 13, 1916, appellant Ferguson filed his cross-complaint, which in all material respects is the same as his third paragraph of answer to the complaint. Prayer that the cause be dismissed at the cost of appellee, and for all other proper relief. On the following day appellee filed a demurrer to said cross-complaint, but it is not shown by the transcript. This demurrer was subsequently sustained.

Appellants Nelson and Nelson filed an answer to appellee's second paragraph of complaint in two paragraphs; the first being a general denial and the second a plea of payment. Appellee then closed the issues by filing certain replies. The cause was submitted to the court for trial, and judgment was rendered in favor of appellee, against appellants Nelson and Nelson on the notes in suit for $3,809.25 and costs, and a decree was entered foreclosing the liens securing the same. Appellants filed motions for a new trial, which were overruled and now prosecute this appeal.

Appellants' assigned errors Nos. 1, 8, 12, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, and 31 relate to the sufficiency of the complaint, and

1. are waived by a failure to state any propositions or points with reference to the same. *Chesapeake, etc., R. Co.* v. *Jordan* (1916), 63

2. Ind. App. 365, 114 N. E. 461; *Continental Ins. Co.* v. *Bair* (1917), 65 Ind. App. 502, 114 N. E. 763, 116 N. E. 752. Moreover, Nos. 17, 18, 19, 20, 22, 25, 26, 29, 30, and 31 would not be available in any event, as they seek in this court to assail the complaint on the ground of insufficient facts by a direct

assignment in that regard. Since the amendment of §348 Burns 1908 (Acts 1911 p. 415) there has been no authority for such procedure. *Riley* v. *First Trust Co., Admr.* (1917), 65 Ind. 577, 117 N. E. 675.

Appellants' assigned errors Nos. 2, 3, 4, 9, 10, 13 and 14 relate to the action of the court in sustaining demurrers to their answers in abatement. It will be noted that these answers are each based on a collateral written agreement between appellee's decedent and appellant James Nelson, which provides for a stay of further proceedings in this action until said Nelson shall have secured the satisfaction of certain liens on the real estate in question, after which a new mortgage was to be executed thereon by said Nelson and accepted by said decedent to secure certain indebtedness due him, and thereupon this cause was to be dismissed. Appellee contends that this agreement is invalid, and therefore could not serve as the basis of a plea in abatement. This contention need not be considered, as the answers are subject to demurrer for other reasons. It is alleged in each that the liens mentioned in the agreement have been satisfied. This was the event to which this action was to be postponed by the terms of the agreement. The fact that appellee refused to carry out its provisions relating to the settlement of the notes in suit and the dismissal of this action are clearly not matters in abatement. The indebtedness was due, the event limiting the postponement of the action had transpired, even if the agreement was valid, and hence no ground existed for an abatement of the action. It follows that the court did not err in sustaining demurrers to said answers.

Appellants' assigned errors Nos. 5 and 15 relate

to the action of the court in sustaining a demurrer to the cross-complaint of appellant John H. Ferguson. It will be noted that this cross-complaint and the third paragraph of answer in bar of said appellant are substantially the same in their material averments. They each show that the new mortgage on the real estate involved was to be executed by said Nelson, but contain no averment that any such mortgage had been executed and tendered by him. They allege that the real estate was conveyed, and said contract was assigned by said Nelson, to appellant Ferguson, and that he executed and tendered a new mortgage on said real estate in accordance with the provisions of said agreement. These facts of themselves would render each of said pleadings insufficient. It is a general rule that rights arising out of a contract cannot be transferred if they are coupled with liabilities, or if they involve a relation of personal confidence, such that the party whose agreement conferred the rights must have intended them to be exercised only by him in whom he actually confided. 4 Cyc 22; Pollock, Principles of Contracts (6th ed.) 454; *Campbell* v. *Sumner County* (1902), 64 Kan. 376, 67 Pac. 866; *Tifton, etc., R. Co.* v. *Bedgood & Co.* (1902), 116 Ga. 945, 43 S. E. 257; *Edison* v. *Babka* (1896), 111 Mich. 235, 69 N. W. 499; *King* v. *Batterson* (1880), 13 R. I. 117, 43 Am. Rep. 13; *Hardy Implement Co.* v. *Iron Works* (1895), 129 Mo. 222, 31 S. W. 599; *Schlessinger* v. *Forest Products Co.* (1909), 78 N. J. Law 637, 138 Am. St. 627. Where a party's estimate of the solvency and pecuniary credit and standing of the one with whom he is dealing may have constituted an important inducement to him in making a contract, an assignment of the same will not

be upheld. *Sprankle* v. *Truelove* (1899), 22 Ind. App. 577, 54 N. E. 461; *Sargent Glass Co.* v. *Matthews Land Co.* (1904), 35 Ind. App. 45, 72 N. E. 474; *Lansden* v. *McCarthy* (1869), 45 Mo. 106. In the instant case appellee's decedent, in entering into the agreement in question, may have taken into account, not only the value of the land on which the new mortgage was to be executed and the financial ability of the party with whom he was contracting, but also his general reputation for fair dealing, industry, sobriety and thrift. The latter fact may have constituted a material inducement for entering into the contract. To illustrate: the debt to be secured by the new mortgage may have been near the value of the land on which it was to be executed, and appellee's decedent, in agreeing to accept the new mortgage of James Nelson, may have reposed confidence in his personal qualities, and by reason of such fact may have been willing to forego the immediate collection of his indebtedness, and to extend the time for the payment thereof over a period of years, by accepting a new mortgage executed by him, while he would have refused to enter into a similar arrangement with another. We believe the rule stated is clearly applicable to the facts alleged in the cross-complaint of appellant Ferguson, and for that reason the court did not err in sustaining appellee's demurrer thereto.

But appellants contend that the entry showing the sustaining of a demurrer to the separate answer in abatement of appellant Ferguson is a nullity, as there was no demurrer pending at the time the ruling was made; and that by reason of this fact said answer stands unchallenged, and he was entitled to a trial on the issue thus made before being required to answer in bar. We

cannot sustain this contention. The record 7. discloses that this answer in abatement was filed on January 12, 1916, and that a demurrer thereto was filed on February 1, 1916. The demurrer is not shown in the transcript, but it appears to have been sustained on March 20, 1916. Appellants also claim that the entry showing the sustaining of a demurrer to the cross-complaint of appellant Ferguson is a nullity, as no such demurrer was ever filed and therefore this cross-complaint stands unchallenged and the court erred in ignoring the same on the trial of the cause. This contention is not tenable. The record shows that this cross-complaint was filed on April 13, 1916, and that a demurrer thereto was filed on April 14, 1916, and was sustained on May 1, 1916. True, the demurrer itself is not shown, but the recital of the transcript as to its filing must be accepted. The fact that the record does not disclose the filing of a memorandum with either of said demurrers, in compliance with §344 Burns 1914, Acts 1911 p. 415, does not render the ruling thereon reversible error, as the court may look beyond a memorandum, or any grounds stated therein, to uphold the action of a trial court in sustaining a demurrer. *Grand Rapids, etc., R. Co.* v. *Jaqua* (1917), 66 Ind. App. 113, 115 N. E. 73, and authorities there cited. Moreover, since the record discloses that demurrers were filed and sustained to the answer in abatement and the cross-complaint of appellant Ferguson, and it does not affirmatively appear that the trial court actually committed error in so doing, we would be authorized to indulge a presumption in favor of the correctness of such rulings. *Eastman* v. *Smith* (1914), 56 Ind. App. 621, 105 N. E. 64. We may add that, inasmuch as we have held that

both the answer in abatement and the cross-complaint are insufficient, nothing could be gained in any event by a reversal in order to give appellant a chance to introduce evidence thereon, when it is apparent that they are not only insufficient, but could not be made sufficient by amendment.

Appellant's assigned errors Nos. 6, 7, 11 and 16 relate to the action of the court in overruling appellants' motion for a new trial, but are waived by a failure to state any proposition or point with reference to the same.

We find no reversible error in the record. Judgment affirmed.

NOTE.—Reported in 119 N. E. 804.