CODDINGTON v. JOSEPH CAMPBELL COMPANY.

[No. 11,579. Filed January 12, 1923. Rehearing denied April 20, 1923. Transfer denied June 19, 1923.]

1. SALES.— Contract.— Breach.— Substitution of Goods Manufactured by others.—Where a contract for the sale of a quantity of tomato puree was to be manufactured by the seller in his factory in accordance with the restrictions set forth in the contract, with the buyer having the privilege of inspection, the service required in the manufacture was so far personal that the seller could not delegate it to some one else, after the season was over and there was no opportunity for inspection, and the seller could not, in order to complete his contract, compel the buyer to accept the product of some other unknown factory. p. 208.

2. CONTRACTS.—*Unambiguous Contracts.—Construction.—Intention of Parties.*—Where a contract is unambiguous, the intention of the parties must be determined from the instrument itself, and not from extraneous circumstances. p. 209.

From Lake Circuit Court; *E. Miles Norton,* Judge.

Action by Addison E. Coddington against the Joseph Campbell Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Bachelder & Bachelder* and *George E. Hershman,* for appellant.

*William D. Lippincott* and *C. Bonar Tinkham,* for appellee.

NICHOLS, C. J.—Action by appellant against appellee for damages in the amount of $25,929.40 for breach of a written contract for the sale of personal property.

The error relied upon for reversal is the court's action in sustaining appellee's demurrer to the first paragraph of appellant's amended complaint and in sustaining its demurrer to the second paragraph of appellant's amended complaint. It was averred in the complaint that appellant was engaged in the business of canning and packing vegetables at Mount Vernon, Indiana, under the name and style of the Mt. Vernon Canning Company, of which business appellant was the sole owner, and that appellee is incorporated in the state of New Jersey, and owns and operates a place of business in Lake county, Indiana. Appellant and appellee entered into a certain contract, the terms and conditions of which, so far as here involved, are that appellant agreed to buy of appellee a specified quantity of fancy whole stock tomato puree, pack of year 1920, at a fixed price f. o. b. Mt. Vernon, Indiana. Definite specifications are made as to the terms and quality of the stock and of the containers, etc. Providing with reference to the quality of the raw stock, it was agreed by the terms of the contract.

that—*"The seller agrees to use in making this puree, whole, fully red ripe, sound tomatoes, thoroughly washed, cleaned, sorted and free from sand, dirt, black specks, and all foreign material, no salt, added sugar, artificial color, grease or preservative to be used. The seller agrees it will not use tomato trimmings such as skins, or cores produced as offal from tomatoes prepared for canning in making puree on this contract. Seller agrees that buyer has access to seller's factory while the puree on this contract is being manufactured; also that buyer has the privilege of making an inspection of the puree during the progress of the manufacturing."*

It was further provided that appellee should furnish cases for packing f. o. b. appellant's factory, Mt. Vernon, Indiana, freight charges prepaid and that—*"In the event that the operation of the plant of either the buyer or that of the seller is affected by strikes, riots, explosions, fire, earthquakes, etc., so that it will be impossible for the party so affected to fully complete its part of the contract, the party so affected shall have the privilege of cancelling that part of the contract affected by the contingency."* Pursuant to such contract appellant furnished appellee, in round numbers about half of the quantity of puree mentioned in the contract, which was all that was packed by appellant at its factory in Mount Vernon, Indiana, in the year 1920. But that at said time appellant was ready, willing and able to continue to carry out his contract and to furnish appellee the remaining amount of puree so called for, and canned in other factories in Indiana, complying in all respects with the requirements of the contract, but appellees refused to accept pulp packed by any other canner than that packed by the Mt. Vernon Canning Company and complying with the specifications set forth in the contract. By such refusal, appellant contends breach of

the contract. Appellant avers that he was damaged $26,351.35, for which he asks judgment. The second paragraph of complaint is based upon the same contract and its facts are like the first except that it further avers as to the intention and understanding of the parties to the contract.

As we view this contract, there is no ambiguity in it. It was clearly the intention of the parties as expressed in the contract that the puree mentioned therein was to be manufactured by appellant in his factory at Mt. Vernon, Indiana, under the supervision, restrictions and optional inspection provided for in the contract. At the time appellee discovered that appellant was purchasing puree from other factories the season for manufacturing was over and of course there was no opportunity to inspect, and the services required in the manufacture were so far personal, that appellant could not delegate them to some one else who through lack of skill or dishonesty might furnish inferior puree. Appellee had a right by contract to safeguard the product which it purchased, by naming its manufacturer, and appellant cannot compel it to accept the product of some other unknown factory. *Sargent Glass Co.* v. *Matthews Land Co.* (1904), 35 Ind. App. 45, 72 N. E. 474; *Edison* v. *Babka* (1896), 111 Mich. 235, 69 N. W. 499; *Western Hdw. & Mfg. Co.* v. *Bancroft-Charnley Steel Co.* (1902), 116 Fed. 176, 53 C. C. A. 548; *George Delker Co.* v. *Hess Spring & Axle Co.* (1905), 138 Fed. 647, 71 C. C. A. 97. See, also, *Nelson* v. *Reidelbach, Exr.* (1918), 68 Ind. App. 19, 119 N. E. 804; *Eastern Advertising Co.* v. *McGaw* (1899), 89 Md. 72, 42 Atl. 923; *Schwartz* v. *Narragansett, etc., Co.* (1904), 26 R. I. 388, 59 Atl. 77; *Jetter* v. *Scollan* (1905), 48 Misc. Rep. 546, 96 N. Y. Supp. 274.

The contract being unambiguous, it is fundamental that the intention of the parties must be determined

from the instrument itself, and not from extrane-
2.  ous circumstances or expression.  *Warner* v.
    *Marshall* (1905), 166 Ind. 88, 75 N. E. 582; *Cal-*
*vert* v. *Myers* (1923), 79 Ind. App. 204, 137 N. E. 578.
Judgment affirmed.